## Barbara Scudder v. Andrew A. Anderson.

*Agency—Conversion by sale on execution—Fixtures.*

1. The general agent and manager of a mining company is presumably empowered to sell its personal property.

2. The sale on execution of personal property belonging to a third person amounts to a conversion, whether the officer making sale removes it or not.

3. Ordinary movable office furniture and ordinary vehicles are not fixtures, and the question whether personal property in use about a mine can be so regarded, is a question of the intent with which it was attached to the freehold.

4. Personal property that can be removed from the land cannot be part of the realty, when the owner does not also own the land.

Error to Marquette. (Grant, J.) June 4.—June 11.

Trover. Defendant brings error. Affirmed.

*F. O. Clark* for appellant. A general agent has no such authority as will enable him to close the business: *Buchoz v. Grandjean* 1 Mich. 367; *Kirby v. Ingersoll* Har. Ch. 172; everything connected with a mine and necessary to its opera-

tion, whether attached or not, is a fixture: *Ege v. Kille* 84 Penn. St. 333; *Patton v. Moore* 16 W. Va. 428 : 37 Am. Rep. 789; *Green v. Phillips* 26 Grat. 752; *Lewis v. Rosler* 16 W. Va. 333; *Congregational Society v. Fleming* 11 Ia. 533; *Palmer v. Forbes* 23 Ill. 301; *McLaughlin v. Johnson* 46 Ill. 164; *Bishop v. Bishop* 11 N. Y. 123; *Heaton v. Find-lay* 12 Penn. St. 304; *Voorhis v. Freeman* 2 W. & S. 116; *Pyle v. Pennock* id. 390.

*Ball & Hanscom* and *J. P. Whittemore* for appellee. Manual possession is not necessary to conversion, nor application to one's own use, if such control is assumed, by a possession actual or constructive, as deprives the owner of his dominion for any purpose: *Connah v. Hale* 23 Wend. 462; *Murray v. Burling* 10 Johns. 172; *Webber v. Davis* 44 Me. 147; Cooley on Torts 448; where an officer levies upon property, the owner's right of sale is defeated for the time being, and this renders the officer liable in trover, if the levy was wrongful: *Polley v. Lenox Iron Works* 2 Allen 182; *Reynolds v. Shuler* 5 Cow. 323; *Bristol v. Burt* 7 Johns. 254; 6 Wait's A. & D. 164.

CAMPBELL, J. Plaintiff, as vendee of John Scudder, brought this action in trover for the conversion of various articles formerly owned by the Marquette & Pacific Rolling Mill Company, and used on their mining property in Marquette county. This company had, up to 1878, worked an iron mine on 40 acres of their own, and an adjoining 40 acres in which they owned seven-sixteenths in fee, and had a lease of the other undivided interest. In October, 1877, a levy of execution on their landed mining property was carried to a sale, one Ward being the purchaser. On the 3d day of September, 1878, William W. Wheaton, who was general agent in charge of the company's interest, sold the property in suit here to John Scudder, in payment of a claim which Scudder then held against the company for his services as secretary, to the amount of about $1800. In August, 1879, defendant, who was sheriff of Marquette county, levied on this property under claim of legal process against the company, and sold it.

This case came on for trial, and the plaintiff recovered judg-

ment.   Various errors are assigned, relating chiefly to ques-
tions of title.   Some other objections were also argued, which
will be referred to.

A point was made that sufficient evidence was not given of
Wheaton's authority to sell.   But if this property was mov-
able property, we can see no reason to doubt the power of
a general agent and manager to dispose of it.   Purchases and
sales of personalty for use about mining premises must be of
frequent occurrence, and would presumably be under the con-
trol of the general manager.   The point was not strenuously
pressed.   We think it was not well taken.

It was also claimed that there was no sufficient interference
with this property to amount to a conversion.   Scudder,
according to his testimony, had moved some of the articles
which he had bought, and stored them.   Most of them, how-
ever, remained on the premises of the company, and some
had been allowed to be used in its operations.   The defend-
ant testified that he found this property, now in dispute, in
the possession of Capt. Berrington, who was working the
mine, and told him he came to make a levy ; that he did not
remove the property, but inventoried it, and went from place
to place where it was, to do so.   He then advertised it, and
subsequently sold it in the same way.   As here was an actual
sale, admitted by the defendant himself under a claim adverse
to that of plaintiff, we think plaintiff might fairly treat it as
a conversion.   The person in charge had been formally noti-
fied of the levy, which seems to have followed all the legal
forms, so that it would have made an effective lien, if the prop-
erty had belonged to the judgment debtor.   Such a sale, fully
completed, is all that the defendant could have done to
complete a conversion.   The property was in his presence,
and the purchaser had all the authority to remove it that
defendant could give him.   We can see no further action
necessary to hold defendant.   He had exhausted his official
powers.

The title of plaintiff was attacked on two grounds : *first*,
because the property was claimed to have been disposed of in
fraud of creditors; and *second*, because it constituted a part

of the realty, and could not be separated from the ownership of the land. The defense claimed that a presumption of fraud arose from the failure of the parties to make a change of possession of such a nature as the statute requires. It is sufficient to say that upon this question the court below took their view of the law, and instructed the jury sufficiently to throw the burden of sustaining the good faith and legal validity of the sale on the plaintiff. The charge was full and emphatic, and open to no objection on that head. We need not consider whether the defense were in a position to rely on this ground, inasmuch as the ruling was on that side. The fraud, after testimony went in, was a question of fact and not of law.

The chief question argued was upon the quality of this property as real or personal.

The property declared for consisted of several hundred feet of gas-pipe, a set of blacksmith's tools, a portable boiler, a large platform scale, blacksmith's bellows, and some other articles, partly of furniture, and partly carts, sleighs and other things used about the mine above and below ground.

It was claimed by the defense that most of these things were so attached to the business as to belong to the freehold, and that they passed on the sale of the mine and could not belong to plaintiff under such a transfer as was made to Scudder.

We can conceive of no circumstances under which chairs, tables, movable desks, stoves, tools and ordinary vehicles could be classed as fixtures at all, and counsel disclaim any such idea. It would be possible for pipes, large bellows and perhaps fixed scales to be so treated if attached in such a manner as to form part of the fixed property. But movable pipes, or anything else, which are in fact moved from time to time, and used for different purposes and in different places, could hardly be so considered. The court below could not, as matter of law, hold any of the property in dispute as necessarily fixtures. At best, it was of ambiguous capacity, and might or might not be so regarded. There was no great conflict of testimony in this case concerning the uses of the various items of property, and we think

the court gave the jury correct instructions on the whole subject. There was very little of this property which could be regarded as in any way annexed to the freehold. The court told the jury, as to all such articles annexed, that the purpose and intention of their annexation, and their adaptedness to the uses to which they were appropriated, would be important criteria, and that mere annexation would not be conclusive. In giving his instructions, the judge went quite fully into an explanation of the doctrines heretofore laid down by this Court on the subject. The argument of the defense does not present any great variance from the charge upon the legal quality of fixtures, except in claiming that there was less room for the discretion of a jury than the court assumed was proper. But in our opinion there was nothing in this case which would have justified the court in taking away from the jury, in favor of the defense, any of the articles claimed to be fixtures. The rulings were quite as liberal as they ought to have been.

The defense cannot have any cause of complaint against the distinction taken in the charge between articles annexed to the realty owned by the mine, and articles annexed to the realty in which the company had less than a half interest. It is impossible to regard personal property capable of removal from the land, which does not belong to the land-owner, as part of the realty. This was decided in *Adams v. Lee* 31 Mich. 440 and *Robertson v. Corsett* 39 Mich. 777. If there was any objection to what the court below ruled on this subject, it was not one which could injure defendant; for if the whole mining business is treated as a single interest, it would rather tend to detach all fixtures from the naked realty, if the title to them was not identical with that of the mine as worked, and to make the whole savor of personalty. But we are not called on to consider this possibility, as it is not presented for decision.

We have not thought it necessary to re-discuss questions which are not different from those which have been before us on former occasions. And while the ingenuity of counsel has presented the issues in various lights, we do not think the

record requires any further discussion than we have given it in the references already made.

We think the judgment should be affirmed.

The other Justices concurred.