## LORD v. DETROIT SAVINGS BANK.

1. REAL ESTATE—FIXTURES—PURCHASER AT FORECLOSURE SALE.
   A cupola and crane, bricked up and built into a building by
   the owner, were real estate, and passed to the purchaser at a
   foreclosure sale of the real estate, as against one who obtained
   a bill of sale of them pending the foreclosure, where it
   appeared that their value would have been impaired by their
   removal, and without them the building would not have been
   in condition for immediate use.

2. SAME—ANNEXATION—INTENT—EVIDENCE.
   The transfer of the crane and cupola pending the foreclosure,
   and long after their annexation to the realty, is inadmissible
   to show the intent with which they were annexed.

3. SAME.
   A verbal agreement between the agent of the purchaser at the
   foreclosure sale and the owner, just before the latter yielded
   possession, that such cupola and crane might be removed by
   the owner, does not prove that the mortgagees considered the
   property personalty at the time it was annexed.

4. FIXTURES—PERMISSION TO REMOVE—STATUTE OF FRAUDS.
   A verbal permission to remove fixtures, given by the purchaser
   at a foreclosure sale to the owner, cannot change realty into
   personalty.

Error to Wayne; Donovan, J. Submitted February
18, 1903. (Docket No. 97.) Decided March 23, 1903.

Trover by Franklin L. Lord against the Detroit Sav-
ings Bank and others. From a judgment for defendants
on verdict directed by the court, plaintiff brings error.
Affirmed.

*Franklin L. Lord, in pro. per.*

*Charles T. Alexander*, for appellees.

CARPENTER, J. Plaintiff brought an action to recover
of the defendants damages for the conversion of a cupola

and crane which were bricked up and built into a building by the owner of said building. Subsequently defendants acquired the ownership through a purchase at the foreclosure of a purchase-money mortgage executed by said owner. Some months after possession was so acquired, plaintiff, who had, while the foreclosure suit was pending, obtained a bill of sale of the cupola and crane, demanded possession of the same, and, on defendants' refusal to comply with this demand, instituted this suit. The trial court directed a verdict for the defendants, giving, as one of his reasons therefor, that the property in dispute was realty, and on the foreclosure of the mortgage became the property of the defendants.

We think this decision was correct. The testimony of the plaintiff not only showed an attachment in a permanent manner by the owner of the realty, but it also showed that the value of the cupola and crane would be impaired by their removal, and that without them the building in which they were would not be in condition for immediate use. Under these circumstances, the cupola and crane became a part of the realty. *Coleman* v. *Manufacturing Co.*, 38 Mich. 30; *Lyle* v. *Palmer*, 42 Mich. 314 (3 N. W. 921); *O'Brien* v. *Kusterer*, 27 Mich. 289; *Wickes Bros.* v. *Hill*, 115 Mich. 333 (73 N. W. 375).

Plaintiff contends that whether or not these fixtures became part of the realty depends upon the intent of the parties, and that the fact that they were transferred as personal property to the plaintiff is evidence of that intent. We do not think this sale afforded any such evidence. If this property is part of the realty, it became so at the time it was annexed thereto. A declaration on the part of its owner, not made at the time, but long afterwards, would clearly be inadmissible to prove the intent with which said annexation was made. Made, as it was in this case, after the foreclosure suit was commenced, it was a mere self-serving statement.

Plaintiff contends that the following evidence warranted

a finding that the property in question was personalty: Just before the owners yielded possession of the real estate and buildings, defendants gave them written permission to remove certain machinery and tools, but not the property in controversy. On the back of said permission, one of the defendants (an agent of the purchaser at the mortgage sale) made this indorsement:

"Full possession of factory to be given in five days; * * * it being understood that full possession of foundry [in which the cupola and crane were located] is to be given in fifteen days."

The purpose of this indorsement was to give further time for the removal of the cupola and crane, which said agent verbally agreed might be removed. Subsequently said agent verbally agreed that said cupola and crane could remain and be sold to an incoming tenant. At the time possession of the property was demanded, there was talk on the part of the agents of the owners of purchasing the same, and of making a charge for storage; and they refused to deliver the property in controversy, upon the ground that the owner had forfeited his rights therein by leaving it there too long. This testimony, in our opinion, has no tendency to prove that the mortgagees and purchasers thereunder considered the property in question personalty at the time it was annexed. Neither has it any legal effect as an agreement to change property, which in its nature is realty, into personalty. 2 Reed, Stat. Frauds, § 714; *Wetmore* v. *Neuberger*, 44 Mich., at page 365 (6 N. W. 838); *White* v. *King*, 87 Mich. 111 (49 N. W. 518).

The judgment is affirmed.

The other Justices concurred.