MORRIS *v.* ALEXANDER.

1. FIXTURES—EVIDENCE—INTENTION—ADMISSIBILITY.

In replevin to recover possession of certain garage tools and machinery claimed by plaintiff to be fixtures and to have passed to him by deed from defendant mortgagor to save foreclosure of real estate mortgage, testimony that the articles were not permanently attached to the real estate, that they could be, and were, removed without injury to the building, that they were installed by defendant for the purpose of carrying on his trade with no intent to make them permanent fixtures, that they were not specially designed for use in this particular building but were adapted for use in any building, *held*, admissible and for the consideration of the jury as to whether they were fixtures.

2. SAME—JUDICIAL NOTICE—QUESTION FOR JURY.

While in some cases the court may take judicial notice that articles are so attached as to become a part of the realty, it cannot be said upon this record, as matter of law, that the articles here involved are fixtures, and the trial court properly submitted the case to the jury.

Error to Sanilac; Beach (Watson), J. Submitted October 22, 1919. (Docket No. 118.) Decided December 23, 1919.

Replevin by Hugh Morris against Joseph Alexander for the possession of certain tools and machinery. Judgment for defendant. Plaintiff brings error. Affirmed.

*C. F. Gates* and *Fred A. Farr,* for appellant.

*W. H. Burgess,* for appellee.

Defendant was the village blacksmith at Sandusky until the advent of the automobile when he put into

his shop the necessary tools and appliances and thereafter conducted a garage. Plaintiff held a mortgage on the shop and other property. Defendant being unable to pay the mortgage he executed a deed of the premises to the plaintiff for a consideration of $150, the estimated cost of foreclosure. The premises were described in the deed by lot numbers and no mention was made of the shop or garage, or of the machinery therein. After the execution of the deed, defendant removed from the garage certain tools and machinery used by him in the conduct of his trade, and this action of replevin was brought by the plaintiff to recover their possession. They are enumerated in the writ and declaration as follows:

"One swedge block; one anvil; one lathe, 11-inch swing, 5 feet over all; one vise, disconnected; one tool bench and cabinet, with vise attached; one air compressor or pump; one emery arbor and stand; one countershaft outfit for lathe; one countershaft which connects with emery arbor; one 1½-inch line shaft with 5 pulleys, 2 hangers and 3 boxings attached; eight pieces of iron piping which connect air compressor or pump with hose and air gauge; one bellows or blower, including the Tue-iron used in connection therewith; one vulcanizer, complete; one power drive belt, which extends from engine; one drive belt, which connects air compressor or pump with line shaft; three drive belts which extend from lathe; and two drive belts which connect said emery arbor with line shaft."

The case was submitted to the jury, resulting in a verdict for the defendant, upon which verdict judgment was entered. Plaintiff brings the case here, and in the brief of his counsel claims that error was committed by the trial judge in the following particulars:

"(1) By the court's holding that the secret workings of the grantor's mind could affect the question as to what was fixtures.

"(2) By the holding that if such fixtures could be of use in any other building they could be removed.

"(3) By the holding that they would not be fixtures unless constructed for the particular building.

"(4) For the court holding, in substance, that no property manufactured for general use could become a fixture.

"(5) In the court not directing a verdict for the plaintiff."

FELLOWS, J. (*after stating the facts*). The question involved in the case was whether the enumerated articles were fixtures and passed to plaintiff under the deed. There were no requests with reference to any of the specified articles; it was claimed by the plaintiff that he was entitled to all of them except the vulcanizer, which was conceded to belong to defendant, and plaintiff's counsel asked for a directed verdict as to all of them except the vulcanizer. We have given the grounds stated by plaintiff's counsel in their brief upon which plaintiff seeks a reversal, but what the record discloses is that the trial judge permitted evidence to be received tending to show the intent of the defendant when the articles were installed, whether they were constructed for this particular building or were adaptable for use in any building, whether they could be removed without injury to the building, and permitted the jury to consider such testimony in reaching a conclusion upon the ultimate question of whether they were or were not fixtures. There was testimony tending to show that the articles were not permanently attached to the real estate, that they all could be, and were, removed without injury to the building, that they were installed by defendant for the purpose of carrying on his trade and with no intent to make them a permanent fixture and a part of the real estate; that they were not specially designed for use in this particular building but were adapted for use in any building, and were in common use in garages. The trial judge was not in error in receiving this testimony

or in permitting its consideration by the jury. *Robertson* v. *Corsett*, 39 Mich. 777; *Wheeler* v. *Bedell*, 40 Mich. 693; *Ferris* v. *Quimby*, 41 Mich. 202; *Scudder* v. *Anderson*, 54 Mich. 122; *Manwaring* v. *Jenison*, 61 Mich. 117; *Lansing Iron & Engine Works* v. *Wilbur*, 111 Mich. 413; *Aldine Manfg. Co.* v. *Barnard*, 84 Mich. 632. In the last-cited case it was said:

"It is true that there is no universal test whereby the character of what is claimed to be a fixture can be determined in the abstract; that neither the mode of annexation nor the manner of use is in all cases conclusive; yet these considerations are frequently of much importance in arriving at the intention of the parties, which is the real test. It is now well settled in this State that whether an article attached to the freehold becomes a fixture depends largely upon the intention of the parties."

In *Robertson* v. *Corsett, supra,* it was said by this court:

"No single article of this machinery was made expressly for use in the building where it was placed, and not elsewhere; all of it was equally capable of beneficial use on being removed to and set up in some other building. It might therefore become a part of the real estate when affixed to it, if such was the intent, or it might remain personal estate if an understanding to that effect was clearly indicated or fairly deducible from the circumstances."

Ruling Case Law (Vol. 11), p. 1,059, after stating that the general tendency of the modern decisions, both English and American, is against the common-law doctrine that mode of annexation is the criterion, says:

"This has led to the formulation and recognition of three general tests which may be applied in determining a particular case, namely, first, annexation to the realty, either actual or constructive; second, adaptation or application to the use or purpose to which that part of the realty to which it is connected is ap-

propriated; and third, intention to make the article a permanent accession to the freehold."

And in the same work, at page 1,092 of the same volume, it is further said:

"Generally, the question whether or not a particular article ·is a chattel or fixture is a mixed question of law and fact, though when the facts are admitted or undisputed the question of law only remains. When the particular case involves a consideration of the tests of the mode of annexation, the purpose or use to which the article is to be put, and the intention, this takes the case to the trier of the facts."

But one case is cited by plaintiff's counsel in their brief, that of *Wickes Bros.* v. *Hill*, 115 Mich. 333. The property involved in· that case was an engine, boiler, shafting and other articles necessary for the equipment of a shingle mill, and the following excerpt from the opinion in that case is made much of by counsel:

"We may take judicial notice of the fact that some of such machinery as was here sold is usually attached so as to become a part of the realty, and a deed of the realty carries with it the title to the machinery."

And it is insisted that upon the authority of that case we should take judicial notice that the articles here involved are fixtures and so hold as a matter of law. While we may take judicial notice that such articles as were involved in the *Wickes Bros. Case* are *usually* so attached as to become a part of the realty, we do not take judicial notice that they are *always* so attached. In *Schellenberg* v. *Lighting Co.*, 130 Mich. 439 (57 L. R. A. 632), a chancery case, we held under the facts of that particular case that certain boilers were not fixtures. We cannot say upon this record, as matter of law, that the articles here involved are fixtures. The trial judge properly submitted the case

to the jury. As was said by this court in *Scudder* v. *Anderson, supra:*

"The court below could not, as matter of law, hold any of the property in dispute as necessarily fixtures. At best, it was of ambiguous capacity, and might or might not be so regarded."

The judgment is affirmed.

BIRD, C. J., and SHARPE, MOORE, STEERE, BROOKE, STONE, and KUHN, JJ., concurred.