PENINSULAR STOVE CO. v. YOUNG.

1. FIXTURES—TESTS APPLIED IN DETERMINING WHAT ARE FIXTURES.
   Tests to be applied in determining what are "fixtures" are (1) annexation to realty either actual or constructive, (2) adaptation or application to use or purpose to which that part of the realty to which it is connected is appropriated, and (3) intention to make the article a permanent accession to freehold; and in applying tests consideration must be given to nature of structure and use to which it is to be put when completed.

2. SAME—GAS RANGES IN APARTMENT HOUSE FIXTURES.
   Gas ranges installed in apartments in apartment house by connecting with gas fixtures already placed there, and which are

For authorities discussing the question as to whether gas range is a fixture, see annotation in 17 L. R. A. (N. S.) 699; 7 A. L. R. 1578.

part of appliances furnished for convenience of tenants, are fixtures, and seller of same is entitled to mechanics' lien for price thereof.

3. APPEARANCE—PROCESS—WAIVER.

Failure to serve process on defendants was waived by their voluntary appearance and answer.

Appeal from Wayne; Jayne (Ira W.), J. Submitted June 11, 1929. (Docket No. 117, Calendar No. 34,442.) Decided July 8, 1929.

Peninsular Stove Company, a Michigan corporation, by way of cross-bill sought to enforce a mechanic's lien against Sum H. Young and others. From a decree for defendants, plaintiff appeals. Reversed, and decree entered for plaintiff.

*Lucking, Hanlon, Van Auken & Sprague,* for appellant.

*John P. Neudorfer* (*Harold A. Jones,* of counsel), for defendants.

SHARPE, J.  Plaintiff here seeks by cross-bill to enforce a lien upon an apartment building erected by defendants Young and Taan for the price of 49 gas ranges which were installed therein. These ranges were delivered on the premises by the plaintiff, and were installed by employees of the defendants by placing them against the walls in the several apartments and connecting them with a gas fixture which had been placed therein. Plaintiff appeals from the decree entered dismissing its cross-bill.

3 Comp. Laws 1915, § 14796 (mechanics' lien law), provides that—

"Every person who shall, in pursuance of any contract, * * * furnish any * * * materials

in or for building, altering, improving, repairing, erecting, ornamenting or putting in any house, building * * * or structure, * * * shall have a lien therefor.''

The test to be applied is whether these gas ranges were fixtures and became annexed to the real estate when installed. What are fixtures and become part of the realty was considered at length in *Morris* v. *Alexander,* 208 Mich. 387. This court there approved of the three general tests which may be applied as stated in 11 R. C. L. p. 1059. These are, ''first, annexation to the realty, either actual or constructive; second, adaptation or application to the use or purpose to which that part of the realty to which it is connected is appropriated; and third, intention to make the article a permanent accession to the freehold.'' In applying these tests, consideration must be given to the nature of the structure and the use to which it was to be put when completed. The building was erected for use as an apartment house, a family to occupy each apartment. As is usual in such buildings, the several apartments become homes for the occupants, with the usual conveniences for housekeeping installed therein. Among these are the appliances for heating, lighting, and cooking. Their use for this purpose necessitated the installation of stoves or ranges, and desirable tenants could not likely be secured without them. Gas ranges were decided on as the practical way of supplying this need, and a uniform design was adopted for each apartment. While there is direct proof that one of the owners stated that it was his intent that these ranges ''were to become part of the building,'' we also think such intent, in view of the use to be made of the several apartments, might well be inferred. In our opinion, these ranges became

fixtures, annexed to the realty, and the plaintiff was entitled to a lien thereon for the price thereof.

The conclusion reached finds support in *Lyle* v. *Rosenberg*, 192 Ill. App. 378; *Porch* v. *Agnew Co.*, 70 N. J. Eq. 328 (61 Atl. 721); *Union Stove Works* v. *Klingman*, 20 App. Div. (N. Y.) 449 (46 N. Y. Supp. 721), aff. without opinion in 164 N. Y. 589 (58 N. E. 1093); *Turner* v. *Wentworth*, 119 Mass. 459; *Hanson* v. *Vose*, 144 Minn. 264 (175 N. W. 113, 7 A. L. R. 1573); and in our recent case of *Vander Horst* v. *Apartments Corp.*, 239 Mich. 593.

The failure to serve process on the owners was clearly waived by their voluntary appearance and answer to the cross-bill, and need not be further considered.

The decree entered is reversed and set aside, and one may be entered here granting the Peninsular Stove Company the relief prayed for in its cross-bill, with costs of both courts.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, McDONALD, and POTTER, JJ., concurred.