ANNA E. W. COHEN *vs.* GENERAL MOTORS ACCEPTANCE CORP. *et al.*

DECEMBER 23, 1930.

PRESENT: Stearns, C. J., Rathbun, Sweeney and Murdock, JJ.

RATHBUN, J.   This is a bill in equity seeking to enjoin the respondents from removing a refrigerating system from an apartment house owned by the complainant.   The cause is before us on appeal from a decree of the Superior Court dismissing the bill.

Said apartment house was built by Harry Soren and wife and by them sold to the complainant.   The refrigerating system was installed by respondent Frigidaire Corporation under conditional sale contract with the Sorens providing that the title remain in the vendor until the purchase price be fully paid.   A balance of $604.66 remains due the respondents from the Sorens.   At the time of purchasing the apartment house the complainant had no knowledge, either actual or constructive, that the respondents had any claim against said system.   The question is whether the complainant, by purchasing without notice, obtained title to said system as a part of the real estate.

The refrigerating system consists of a compressor, run by electric power, situated in the cellar, a separate coil in each of the eighteen apartments, and sets of copper tubes running from the compressor to each coil.   The copper tubes are enclosed in conduits within the walls of the building.   Said tubes and conduits were paid for at the time of installation, and respondents make no claim of right to remove the same.   One of the coils is located in each apartment within a compartment in a kitchen cabinet which contains other compartments for food, dishes, etc., and also a sink.   The coils and the compressor, which can be readily disconnected from the tubes, the respondents threaten to remove unless the balance due them is paid.

As between the Sorens and the Frigidaire Corporation the compressor and coils remained personalty because they so agreed.   The question before us is whether the complainant, a purchaser of the apartment house without notice, acquired

title to the whole refrigerating system as a part of the real estate.

At least so far as a purchaser without notice is concerned "a machine placed in a building is found to be real estate or personal property from the external indications which show whether or not it belongs to the building as an article designed to become a part of it, and to be used with it to promote the object for which it was erected, or to which it has been adapted and devoted,—an article intended not to be taken out or used elsewhere, unless by reason of some unexpected change in the use of the building itself." It is the apparent "intention which settles, not merely his own rights, but the rights of others who have or who may acquire interests in the property. They cannot know his secret purpose; and their rights depend, not upon that, but upon the inferences to be drawn from what is external and visible." *Hopewell Mills* v. *Taunton Savings Bank*, 150 Mass. 519.

The character of property, as real or personal, may be fixed by contract with the owner of the real estate when the article is installed, but such a contract cannot affect the rights of an innocent purchaser without notice. See Tiffany Real Prop., Vol. 1, 922; *Canning* v. *Owen*, 22 R. I. 624. See also *McCrillis* v. *Cole*, 25 R. I. 156, in which, although the facts were somewhat different, the principle above stated was recognized.

Some of the authorities relied upon by the respondents were governed by recording statutes. Few, if any, involved the rights of a purchaser of real estate without notice of the agreement between the conditional vendor and vendee.

While the compressor and coils could be removed without serious damage to the remainder of the system or the building, it is clear from the undisputed evidence that the appearance of the system is such that a person examining the building with a view of purchasing would naturally infer that the system was installed for a permanent and not for a temporary use and that the compressor and coils are not furniture but fixtures, the same as the steam boiler and the

radiators, intended to be and remain a part of the building. There was nothing about the appearance of the system, and nothing upon the real estate records, to put the complainant upon notice. The Frigidaire Corporation so annexed its property to the building that the complainant was warranted in her inference that the system was a part of the real estate. The equity of the respondents is inferior to that of the complainant.

The appeal is sustained, the decree appealed from is reversed.

The parties may present for our approval a form of decree to be entered in the Superior Court.

*Alfred H. Lake*, for complainant.

*Clason, Brereton & Kingsley*, for respondents.