COLTON *v.* MICHIGAN LAFAYETTE BUILDING CO.

1. CONTRACTS—CONSIDERATION.

Alleged parol agreement passing title to personal property for assumption of pay roll *held*, without consideration where promise to assume same pay roll was part of consideration for a previous written agreement between the same parties.

2. EVIDENCE—PROOF OF VALUE OF PERSONALTY.

Testimony of superintendent of office building as to items of personal property and their value when left in building by lessee in action by receiver of lessee against lessor *held*, proof of value of such property in the absence of any showing by lessor.

3. FIXTURES—TESTS—ANNEXED ARTICLES.

Tests as to what constitutes fixtures are: (1) annexation to realty, actual or constructive; (2) adaptation or application to the use or purpose to which that part of the realty is appropriated; and (3) intention to make the article a permanent accession to the freehold.

4. SAME—UNANNEXED ARTICLES.

> Determination of whether an article is a fixture or a chattel when not annexed to the freehold involves consideration of its use and nature and the intention of the parties.

5. SAME—STORE AND OFFICE BUILDING.

> Fixtures and improvements to store and office building *held*, to include elevator switchboard repair parts, rugs, uniforms and pump tanks, window shades and curtains, awnings, double doors and trim, base and shoe, red gum partitions, storm doors, rubber matting, entrance mats, chain falls, Minneapolis thermostats and clock, and wall case and mirror and are property of lessor under agreement respecting such property upon termination of lease.

6. SAME—PERSONAL PROPERTY—OFFICE FURNITURE—SUPPLIES.

> Chattels such as ordinary movable office furniture, Westinghouse motor, rope fall and electric fans for elevators, unused supplies consisting of paper towels, soap, paint, and electric light bulbs and used supplies and detached equipment such as pails, mops, vacuum cleaners, ladders, electric grinder, and drill press held, personal property of lessee upon termination of said lease.

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted April 13, 1934. (Docket No. 101, Calendar No. 37,726.) Decided June 4, 1934.

Receivership proceedings by Arthur Colton against Michigan Lafayette Building Company, a corporation. Petition by Harry Cohen, receiver of defendant, against Michigan & Shelby Land Company, lessee, to obtain return of personal property. Petition dismissed. Petitioner appeals. Reversed and remanded.

*David I. Hubar* (*Milton M. Maddin,* of counsel), for appellant.

*Stevenson, Butzel, Eaman & Long* (*Victor W. Klein,* of counsel), for appellee.

EDWARD M. SHARPE, J. In 1917 the Michigan & Shelby Land Company (hereafter called the Shelby company) obtained a 99-year lease from the fee owners of the site upon which the Lafayette building in Detroit is now located. The lease was secured upon the agreement that a new office building be erected. Later the Michigan Lafayette Building Company (hereafter called the Lafayette company) took a sublease from the Shelby company and erected a modern office building upon the property.

Each lease contained the following provisions:

"It is further agreed that said new building when so erected shall be and become a part of said premises and the property of said first party's lessors as provided in the underlying lease.

"The tenant agrees during the term of this lease to make all repairs and alterations that may be needed or required to the building now on or hereafter to be erected upon said premises, and the appurtenances and appliances connected therewith. And the tenant herein agrees that at the expiration of this lease it will deliver up the same to the party of the first part herein, in good repair and good condition, and that all buildings and improvements situated thereon, whether erected by it or by the party of the first part, shall be and become a part of the premises and be delivered to the said first party as a part thereof."

In 1931 the Lafayette company was in default upon its obligations under its lease while the Shelby company was able to make arrangements for preserving its lease with the fee owners. October 20, 1931, ouster proceedings were taken and possession recovered by the Shelby company as against the Lafayette company. However, on the 17th day of October, 1931, the Shelby company entered into an agreement with the Lafayette company whereby the

former gave the latter a 90-day option to reinstate its lease and agreed to assume the pay roll covering wages from October 15, 1931, in consideration of the immediate surrender of possession by the Lafayette company on October 20, 1931, and the assignment to the Shelby company of all subleases with tenants in the building and of rents then due or to become due from such tenants.

Plaintiff Arthur Colton is one of the holders of mortgage bonds of the Lafayette company and upon refusal of the Lafayette company to redeem the bonds, brought suit against the Lafayette company and obtained a judgment. On October 8, 1932, plaintiff secured a court order appointing a receiver for the Lafayette company. The receiver proceeded against the Shelby company to reclaim certain property which he alleged was left in the building by the Lafayette company at the time possession was given to the Shelby company. Much of this property consisted of office furniture taken from tenants of the building who had failed to pay their rent. The lower court dismissed the receiver's petition and he has appealed.

Appellant claims that the property left in the building was personal property, title to which remained in the Lafayette company and now belongs to the receiver of that company, while the Shelby company contends that the property in question was either fixtures or "improvements" within the clause of the lease quoted above and that, even if the receiver's claim is valid, he did not sufficiently prove the items and value of such property. Appellee also claims that such personal property as could not be included in fixtures or improvements became the property of the appellee by a parol agreement on October 20, 1931, in consideration of the Shelby company assuming the pay roll for wages from

October 16 to 20, 1931. This contention is not sound, as the written agreement of October 17, 1931, contains a provision whereby the Shelby company agreed to assume the pay roll for wages from October 15, 1931.

Counsel for the appellee criticize the proof offered by appellant as to the articles left in the building and the value of the same, yet Mr. Mercer, the witness produced by appellant, had been superintendent of the building for five years, was there when the Shelby company took possession and stayed on as such for three months thereafter. He claims it took him four or five days to make up the list testified from and introduced in evidence. The appellee offered no evidence, either as to the items or value of the property, to contradict that given by Mr. Mercer and we cannot say that his testimony has no value.

The test of what are fixtures was given in *Peninsular Stove Co.* v. *Young,* 247 Mich. 580, at 582:

"What are fixtures and become part of the realty was considered at length in *Morris* v. *Alexander,* 208 Mich. 387. This court there approved of the three general tests which may be applied as stated in 11 R. C. L. p. 1059. These are, 'first, annexation to the realty, either actual or constructive; second, adaptation or application to the use or purpose to which that part of the realty to which it is connected is appropriated; and third, intention to make the article a permanent accession to the freehold.' In applying these tests, consideration must be given to the nature of the structure and the use to which it was to be put when completed."

In *Detroit Trust Co.* v. *Detroit City Service Co.,* 262 Mich. 14, at page 30, the court said:

"In distinguishing between what is a fixture and what a chattel, when neither is annexed to the free-

hold, the use, nature and intention of the parties must be considered."

Under this theory we hold that it was the intention of the Lafayette company when they purchased such articles as repair parts to elevator switchboard, elevator rugs, window shades, awnings, double doors and trim, base and shoe, red gum partitions, storm doors, elevator uniforms, window curtains, rubber matting, entrance mats, chain falls, Minneapolis thermostats and clock, wall case and mirror, pump tanks for elevator, to consider such articles as fixtures and improvements. These articles could not be removed from the building or transported from place to place without impairing their value as well as the value of the building. This building was erected for the purpose of renting stores and offices to the public and in order to be rentable must have various articles or accessories such as those listed above.

However, unused supplies consisting of such articles as paper towels, soap, paint, and electric light bulbs, cannot be classed as fixtures or improvements but are clearly personal property. Neither can used supplies and detached equipment such as pails, mops, vacuum cleaners, ladders, electric grinder, drill press, etc., be considered as fixtures or improvements. Articles of ordinary movable office furniture come within the rule laid down in *Scudder* v. *Anderson,* 54 Mich. 122, and are personalty. Other items which we consider personalty are the Westinghouse motor, rope fall and electric fans for elevators.

In order to avoid cumbering the printed report with an itemized list of these various articles of personal property and their value, we have attached hereto a complete list thereof. This list will be

signed and filed with the clerk of the court and copies thereof furnished to the parties.

Appellant may have the return of the articles itemized in the attached list and, in default of the return of any of said articles, the value thereof as shown by such list. The former order is reversed, and the trial court is hereby directed to enter an order in conformity with this opinion. Appellant may have costs.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.