WOOD HYDRAULIC HOIST & BODY CO. *v.* NORTON.

1. SALES—TITLE OF SUBSEQUENT VENDEE—POSSESSION.
    Subsequent vendee of personal property, which remains such,
    does not obtain title thereto where original vendee purchased
    under contract retaining title in vendor, since mere possession
    of movable property is not conclusive of ownership.

2. FIXTURES—HEATING EQUIPMENT—SUBSEQUENT MORTGAGEE.
    One who makes a conditional sale of heating equipment knowing
    it is likely to be so attached to the realty as to become a part
    thereof, cannot maintain his title to the equipment after it has
    been so attached, as against a subsequent good-faith mort-
    gagee of the realty without notice, even though the original
    contract of purchase expressly provided that the equipment
    should not become a fixture by reason of its annexation before
    it is paid for, since, in the case of realty, title of record and
    possession are so conclusive that a *bona fide* purchaser or
    mortgagee takes title free from any existing equities.

3. SAME—INTENTION AS TO ATTACHMENT—SUBSEQUENT MORTGAGEE.
    Although title-retaining contract as to heating equipment nega-
    tives any intention as between the parties to the contract that
    it was to become a fixture until paid for, such intention is not
    binding upon subsequent mortgagee without notice.

4. SAME—DUAL STATUS AS PERSONALTY AND FIXTURES.
    An article annexed to a freehold may remain personal property
    as to some parties, and become a fixture as to others.

5. SAME—ATTACHMENT—PURPOSE.
    Whatever is affixed to a building by an owner in complement,
    to facilitate its use and occupation in general, becomes a part
    of the realty, though capable of removal without injury to
    the building.

6. SAME—REPLEVIN—VENDOR OF PERSONALTY—SUBSEQUENT MORT-
    GAGEE OF REALTY.
    In action of replevin by vendor of heating equipment against
    one who became a subsequent mortgagee of the realty in which
    it had been installed under contract retaining title in vendor

until paid for, without notice of such contract, heating equipment *held*, fixture necessary to purpose for which realty was adapted and included within the mortgage security.

Appeal from Oakland; Gillespie (Glenn C.), J. Submitted October 2, 1934. (Docket No. 15, Calendar No. 37,929.) Decided December 10, 1934.

Replevin by Wood Hydraulic Hoist & Body Company, a Michigan corporation, against R. J. Norton and Consolidated Builders, Inc., and Gleaner Life Insurance Society, Michigan corporations, to obtain possession of a heating plant. Judgment for plaintiff. Defendants appeal. Reversed and judgment ordered entered for defendant Gleaner Life Insurance Society.

*Frank Day Smith,* for plaintiff.

*Schmalzriedt, Frye, Granse & Frye (Herbert P. Orr,* of counsel), for defendant Gleaner Life Insurance Society.

BUTZEL, J. Wood Hydraulic Hoist & Body Company, plaintiff herein, furnished a Gar Wood heating system for a residence in Birmingham, Michigan, under two title-retaining contracts, one made directly with the owner of the premises for a portion of the equipment, and the other with the heating contractor for other parts thereof. The oil burner, boiler, tank, aquastat, etc., constituting the system, were so installed that they could easily be removed by the use of a wrench, without damage to the realty. The title-retaining contract with the owner contained a provision that if upon the sale of the residence the heating apparatus should not be acceptable to the purchaser, plaintiff would re-

move the equipment and return all money paid thereon. Subsequent to the installation of the system, the owner of the premises gave a first mortgage of $8,000 on the property to the Gleaner Life Insurance Society, defendant and appellant herein. Before making the loan, defendant, through a search of the title, ascertained that there were no liens against the property. The trial judge refused to admit into evidence a waiver of lien, signed by the heating contractor, and an affidavit, complying with the mechanics' lien law, signed by the mortgagor at the time the mortgage was given, and listing the contractor's claim as paid. The mortgage was foreclosed by advertisement, and after the property had been bid in by defendant, plaintiff brought replevin proceedings to regain possession of the heating apparatus. The trial court, in rendering judgment for plaintiff, held that the equipment was personal property, on the ground that it could be removed without material injury to the building, and that the title-retention contracts negatived any intention on the part of plaintiff and the owner of the premises that the heating system should become a fixture until paid for.

In reaching this decision the trial court relied largely upon the case of *Woodliff* v. *Citizens Building & Realty Co.*, 240 Mich. 413, which involved an elevator installed in an apartment building. In that case the owners of the fee had sold the property on land contract. Subsequently an assignee of the vendee's interest purchased an elevator for the building under a title-retaining contract. The controversy arose between the vendor of the elevator and the owners of the fee, who, as vendors in the land contract, were *prior* equitable mortgagees. The court held that the intention of the parties, as ex-

pressed in the title-retaining contract, was controlling, and that the elevator therefore retained its chattel character in spite of its annexation to the freehold.  However, in reaching this decision, the court called attention to the fact that the owners were not *subsequent* purchasers or lien holders. The opinion refers to the case of *Harris* v. *Hackley,* 127 Mich. 46, where a like result was reached, and where the court again called attention to the fact that the claims of a subsequent *bona fide* purchaser were not involved.  It stated:

"It is true that Hackley stood in the position of an equitable mortgagee of the real estate, being a contract vendor; but he was a prior mortgagee, and did not take his security upon the faith of any appearance that this property was a part of the real estate."

Unlike the above cases, the instant case involves the claims of a *subsequent bona fide* mortgagee of the property without notice.  The principle applicable in such a case was laid down by this court in *Wickes Bros.* v. *Hill,* 115 Mich. 333, where a controversy arose between a vendor under a conditional sales contract of certain machinery, including an engine, boiler, shafting and other articles used in a shingle mill, and a subsequent mortgagee without notice.  The court therein said:

"The rule is settled beyond controversy in this State that, as to conditional sales of personal property retaining the title in the vendor until paid for, no subsequent vendee obtains the title while the property remains personalty.  This is upon the theory that the possession of movable property, known as chattels, is not conclusive of ownership or right of possession, and that he who buys takes subject to the title of the real owner.  When per-

sonal property is attached to, and becomes a part of, the realty, a different rule applies. Title of record and possession of real estate are usually conclusive, and a *bona fide* holder takes title free from any existing equities. As between the original vendor and vendee, no title passes, and as between them the vendee cannot make it realty contrary to his agreement. In such cases the intention of the parties must govern. When, however, the vendor sells machinery which it is well understood may, and, in the absence of agreement, does, become part of the realty by being so attached that it cannot be removed without injury, and thereby places it in the power of his vendee to so attach it, and sell or mortgage to innocent third parties, the better and more just rule is that he must suffer.   *   *   *

"We do not think that any case in this court has gone to the extent of holding that one who makes such a conditional sale, having good reason to believe that the property may become realty, can maintain his title to the property as against a purchaser or mortgagee of the realty in good faith."

To like effect see also: *Knowlton* v. *Johnson,* 37 Mich. 47; *Jenks* v. *Colwell,* 66 Mich. 420 (11 Am. St. Rep. 502); *Watson* v. *Alberts,* 120 Mich. 508. While it is true that in *Wickes Bros.* v. *Hill, supra,* and the other cases cited in support thereof, the personal property was so annexed that it could not be removed without injury to the realty (an element which is lacking in the case at bar), we do not believe that the court intended to limit the rule to cases where that factor is present. Rather the court stressed the fact that when a vendor under a title-retaining contract sells chattels which it is understood are to be annexed to the realty in such a manner as to become a component part of it, and so as to lead subsequent mortgagees, without notice

of the agreement, to believe, from the very nature of the articles, that they were in truth a part of the realty, the just rule is that the vendor should suffer, and that his rights must give way to those of the subsequent mortgagee without notice. Therefore, although it is true that as between the vendor and the vendee in the instant case the title-retaining contract negatives any intention that the article was to become a fixture until paid for, the intention of the parties as expressed in that agreement is not at all binding upon the defendant, which is a subsequent mortgagee without notice. An article annexed to a freehold may remain personal property as to some parties, and become a fixture as to others. See *First Mortgage Bond Co.* v. *London,* 259 Mich. 688.

The only remaining question therefore becomes whether, disregarding the agreement between plaintiff and the vendee, of which defendant had no knowledge, the heating apparatus became a fixture upon its annexation to the realty, by the very nature of the equipment, the manner of its annexation, and the purpose for which it was installed. In *Kent Storage Co.* v. *Grand Rapids Lumber Co.,* 239 Mich. 161, we stated:

"It is a salutary rule that whatever is affixed to a building by an owner in complement, to facilitate its use and occupation in general, becomes a part of the realty, though capable of removal without injury to the building."

In *Peninsular Stove Co.* v. *Young,* 247 Mich. 580, we held that gas ranges installed in an apartment building became fixtures, stressing the fact that the several apartments became homes for the occupants, with the usual conveniences for housekeeping installed therein, and that their use for this purpose necessitated the installation of stoves or ranges,

without which desirable tenants could not likely be secured. Similarly, in the instant case, we believe that the heating apparatus here involved was so necessary to the purpose to which the realty was adapted, and its very nature was such, that it became a fixture upon its annexation to the property, and its chattel character could not be preserved as against defendant by the title-retaining agreement. When defendant took its mortgage, it had every reason to believe that the equipment was a fixture and a component part of the building, and was included in its security. The majority of the more recent cases hold that property of this nature, upon annexation to the realty, becomes a fixture as far as subsequent grantees and mortgagees are concerned, notwithstanding any intention between the vendor and vendee to the contrary, as expressed by any agreement between the latter, of which the mortgagee had neither notice nor knowledge. See *Union Bank & Trust Co.* v. *Fred W. Wolf Co.,* 114 Tenn. 255 (86 S. W. 310, 108 Am. St. Rep. 903, 4 Ann. Cas. 1070); *Knoxville Gas Co.* v. *W. I. Kirby & Sons,* 161 Tenn. 490 (32 S. W. [2d] 1054); *Glueck & Co.* v. *Powell,* 227 Mo. App. 1226 (61 S. W. [2d] 406); *Cohen* v. *General Motors Acceptance Corp.,* 51 R. I. 153 (152 Atl. 693); *Southbridge Savings Bank* v. *Exeter Machine Works,* 127 Mass. 542; *Murphy Door Bed Co.* v. *New England Bond & Mortgage Co.,* 276 Mass. 79 (176 N. E. 802).

The judgment of the trial court is reversed and the case remanded with directions to enter judgment for defendant Gleaner Life Insurance Society, which will recover costs in both courts.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.