# STATE OF MICHIGAN

# COURT OF APPEALS

GRAND TRAVERSE COUNTY LAND BANK
AUTHORITY,

        Plaintiff/Counter Defendant-
        Appellee,

v

VERIZON WIRELESS,

        Defendant/Counter Plaintiff/Cross
        Plaintiff-Appellee,

and

GREAT NORTHERN BROADCASTING
SYSTEM, INC.,

        Defendant/Cross Defendant-
        Appellant.

UNPUBLISHED
May 9, 2017

No.   332804
Grand Traverse Circuit Court
LC No.   2015-031276-CH

Before:  SAWYER, P.J., and MURRAY and GLEICHER, JJ.

PER CURIAM.

The circuit court summarily granted Grand Traverse County Land Bank Authority a declaratory judgment that a broadcasting tower sitting upon foreclosed real property was a fixture that was transferred along with the land.  Great Northern Broadcasting System, Inc. contends that this judgment was erroneous.  We discern no error in the lower court's judgment and thereby affirm.

## I. FACTS

Great Northern Broadcasting System owns a 14-acre parcel in Grand Traverse County, which is vacant except for a single radio/cell phone tower and a utility building.  In 1990, Great Northern entered a lease agreement with Verizon, allowing the cellular service provider to use the existing 300-foot tower or to replace the existing structure.  The lease began with a two-year term that would be automatically extended for four five-year terms.  The lease also required Verizon to remove and carry away any tower it erected upon termination of the lease.  Verizon

-1-

could, however, "request[] permission not to remove" the tower and if Great Northern consented, "title to the affected improvements [would] thereupon transfer to" Great Northern.

In 2000, Verizon exercised its option to replace the existing tower. It also constructed a utility building on the property. The new 450-foot tower sits upon a concrete slab and is balanced with three steel wires, "latched to three surrounding anchors." In 2010, Verizon notified Great Northern that it would not renew its lease. In 2013, a Verizon representative informed Great Northern that Verizon did not intend to remove the tower and Great Northern consented. Instead, Verizon removed its cellular servicing equipment from the tower structure.

In the meantime, Great Northern failed to pay property taxes in 2009. In 2010, the company paid its current taxes, but did not remedy the 2009 shortfall of $3,698.79. Grand Traverse County foreclosed on the property and secured a court judgment "vesting absolute title to the real property" in the county treasurer. In this same timeframe, the county entered unsuccessful negotiations with Verizon to purchase the cell phone tower on the land.

The county subsequently filed suit through the land bank, seeking a declaratory judgment that the tower and any utility buildings on the property are fixtures that transferred to the county during the foreclosure process. Great Northern contended that the tower was personal property, not a fixture, because (1) the lease provided that the tower could be removed from the property, (2) the county considered the tower personal property as it had offered to purchase the tower from Verizon separate from the land, and (3) the tower was not permanently attached to the ground and could be physically moved.

The circuit court ultimately granted summary disposition in the county's favor, classifying the tower as a fixture that was foreclosed upon with the land. Great Northern appeals.

## II. SUMMARY DISPOSITION

Great Northern continues to argue that the tower was personal property, not a fixture.

We review a trial court's decision on a motion for summary disposition de novo. *Wayne Co v Wayne Co Retirement Comm*, 267 Mich App 230, 243; 704 NW2d 117 (2005). . . .

A motion under MCR 2.116(C)(10) "tests the factual support of a plaintiff's claim." *Walsh v Taylor*, 263 Mich App 618, 621; 689 NW2d 506 (2004). "Summary disposition is appropriate . . . if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). "In reviewing a motion under MCR 2.116(C)(10), this Court considers the pleadings, admissions, affidavits, and other relevant documentary evidence of record in the light most favorable to the nonmoving party to determine whether any genuine issue of material fact exists to warrant a trial." *Walsh*, 263 Mich App at 621. "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon

which reasonable minds might differ." *West*, 469 Mich at 183. [*Zaher v Miotke*, 300 Mich App 132, 139-140; 832 NW2d 266 (2013).]

The test for determining whether something is a fixture on real property is old and well established. "The term 'fixture' necessarily implies something having a possible existence apart from realty, but which may, by annexation, be assimilated into realty." *Kent Storage Co v Grand Rapids Lumber Co*, 239 Mich 161, 164; 214 NW 111 (1927). In *Wayne Co v Britton Trust*, 454 Mich 608, 610; 563 NW2d 674 (1997), the Supreme Court "reaffirm[ed] the three-part test enumerated in *Morris v Alexander*, 208 Mich 387, 390-391; 175 NW 264 (1919), for determining what constitutes a fixture." Pursuant to that test, a court must consider, " '[First], annexation to the realty, either actual or constructive; second, adaptation or application to the use or purpose to which that part of the realty to which it is connected is appropriated; and third, intention to make the article a permanent accession to the freehold.' " *Wayne Co*, 454 Mich at 615, quoting *Morris*, 208 Mich at 390-391.

The cell tower was annexed to the realty. As described in *Wayne Co*, 454 Mich at 615, quoting 35 Am Jur 2d, Fixtures, § 5, p 703, annexation is:

"[T]he act of attaching or affixing personal property to real property and, as a general proposition, an object will not acquire the status of a fixture unless it is in some manner or means, albeit slight, attached or affixed, either actually or constructively, to the realty. That is, if the object is not attached to the land or to some structure or appliance which is attached to it, it will retain its character as personalty even though intended for permanent use on the premises."

The subject tower sat on a cement slab buried in the ground. It was held in place by three wires that latched to anchors in the ground. Great Northern argues that it is possible to remove the tower by unlatching the wires, negating annexation. However, property can be considered affixed, and thus annexed, to property even where the attachment is "slight." *Wayne Co*, 454 Mich at 615. See, e.g., *Wood Hydraulic Hoist & Body Co v Norton*, 269 Mich 341, 347; 257 NW 836 (1934) (a heating system); *Colton v Mich Lafayette Bldg Co*, 267 Mich 122, 127; 255 NW 433 (1934) (window shades, awnings, and storm doors); *Peninsular Stove Co v Young*, 247 Mich 580, 582-583; 226 NW 225 (1929) (a stove). Moreover, an item may be deemed constructively annexed to the property due to "its size and character." *Granger Land Development Co v Dep't of Treasury*, 286 Mich App 601, 610; 780 NW2d 611 (2009). A heating system, window shades, awnings, storm doors, and stoves can all be removed from real property with relative ease compared to a 450-foot tower sitting on a cement slab buried in the ground. If such items can be considered annexed to the property, so too may a cellular tower.

"Adaptation" to the use or purpose of realty speaks to " 'the relationship between the chattel and the use which is made of the realty to which the chattel is annexed.' " *Wayne Co*, 454 Mich at 618, quoting *Premonstratensian Fathers v Badger Mut Ins Co*, 46 Wis2d 362, 369; 175 NW2d 237 (1970). As described in 35 Am Jur 2d, Fixtures, § 12, p 708, " 'An object introduced onto the realty may become a fixture if it is a necessary or at least a useful adjunct to the realty, considering the purposes to which the latter is devoted.' " *Wayne Co*, 454 Mich at 619.

The evidence in this case establishes that Great Northern only used the parcel for transmitting radio signals (and previously for handling cellular traffic), employing the tower and utility building. The remainder of the 14-acre parcel is vacant. Accordingly, viewing the evidence in the light most favorable to Great Northern, the property has one purpose—broadcasting signals via the tower. Therefore, the tower is "a useful adjunct to the realty," considering the realty's purpose of broadcasting signals.

To determine whether a landowner intended to make an object a fixture, "[t]he intention which controls is that manifested by the objective, visible facts." *Mich Nat'l Bank, Lansing v Lansing*, 96 Mich App 551, 554; 293 NW2d 626 (1980). "The surrounding circumstances determine the intent of the party making the annexation, not the annexor's secret subjective intent." *Wayne Co*, 454 Mich at 619. The relevant time is when the object was attached to the real property. See *Lord v Detroit Savings Bank*, 132 Mich 510, 511; 93 NW 1063 (1903) ("If this property is part of the realty, it became so at the time it was annexed thereto."). "The permanence required is not equated with perpetuity. It is sufficient if the item is intended to remain where affixed until worn out, until the purpose to which the realty is devoted is accomplished or until the item is superseded by another item more suitable for the purpose." *Mich Nat'l Bank*, 96 Mich App at 554.

Here, the lease provided that Verizon could build a new tower, and that the term of the lease would extend 22 years unless Verizon chose to terminate it. The lease further provided that once it expired, Verizon agreed to remove the tower. The terms of the lease, therefore, indicate that the tower would stand during the term of the lease. In other words, the intent of the parties was that the tower would remain in place until Verizon accomplished "the purpose to which the realty [was] devoted." This suggests an intent to make the tower a fixture.

Great Northern asserts that the county's attempts to purchase the tower are evidence that it understood the tower was personal property. Without considering the merits of this inference, we note that the treatment of a fixture as personal property by a third party does not affect its status. Indeed, in the context of trade fixtures, the *Mich Nat'l Bank* Court explained, "Although as between lessor and lessee trade fixtures might be personal property, as to third parties they are properly considered as a part of the realty." *Id.* at 556. Moreover, Verizon and Great Northern contemplated at the time of construction that Verizon may leave the tower in place permanently, further suggesting their intent to make the tower a fixture on the land.

Because the tower was attached to the property, was a useful adjunct to the property's use for radio signal broadcasting, and the lease contemplated the tower would remain in place while Verizon used it (and potentially forever), the circuit court did not err in determining that the tower was a fixture.[1]

---

[1] Given this conclusion, we need not consider Great Northern's alternative arguments that its rights to the tower under the lease were not extinguished by the tax foreclosure, MCL 211.78k(5)(e), or that Verizon had abandoned the tower.

## III. MOTION FOR RECONSIDERATION

Great Northern further contends that the circuit court erroneously denied its motion for reconsideration. We review "a trial court's decision on a motion for reconsideration for an abuse of discretion." *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 629; 750 NW2d 228 (2008). A trial court abuses its discretion when its "decision falls outside the range of reasonable and principled outcomes." *Ypsilanti Charter Twp v Kircher*, 281 Mich App 251, 273; 761 NW2d 761 (2008).

MCR 2.119(F)(3) governs reconsideration motions as follows:

> Generally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted. The moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error.

Additionally, "we can find no abuse of discretion in the denial of a motion for reconsideration that rests on testimony that could have been presented the first time the issue was argued." *Churchman v Rickerson*, 240 Mich App 223, 233; 611 NW2d 333 (2000).

Great Northern argued in its motion for reconsideration that negotiations between the county and Verizon showed that both entities treated the tower as personal property. In support, Great Northern attached a letter from the county to Verizon, stating "[i]f [Verizon] does not intend to continue to operate and maintain this tower, then arrangement will need to be made to remove said tower and restore the property to its previous condition, at [Verizon's] expense." Great Northern also attached an e-mail purportedly from a Verizon representative stating that Verizon owned the tower, and correspondence between the county and Verizon wherein the two entities attempted to negotiate a bill of sale for the tower. Of import, Great Northern never asserted that any of the cited evidence was not available to it when arguing against the county's motion for summary disposition. As this evidence could have been presented the first time the issue was argued, i.e. at the summary disposition phase, we discern no abuse of discretion in the circuit court's decision not to grant reconsideration based on this evidence.

We affirm. Grand Traverse County Land Bank Authority, as the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ David H. Sawyer
/s/ Christopher M. Murray
/s/ Elizabeth L. Gleicher

-5-