*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ELETICIA QUALLS,

        Petitioner-Appellant,

v

TOWNSHIP OF GOODLAND,

        Respondent-Appellee.

UNPUBLISHED
October 31, 2025
9:53 AM

No. 368820
Tax Tribunal
LC No. 20-004085

Before: WALLACE, P.J., and RIORDAN and REDFORD, JJ.

REDFORD, J. (*concurring in part and dissenting in part*).

I concur in part and dissent in part.

In this appeal of the Michigan Tax Tribunal's opinion and order determining that three cargo containers were fixtures on petitioner's real property and establishing the 2020 and 2021 true cash value, state equalized value, and taxable value of the property, I concur with the majority's conclusions that the tribunal court did not err by requiring the parties to hire the court reporter and pay the court reporter's expenses. I also concur with the majority's conclusion that the tribunal court did not err by denying petitioner leave to amend her pleadings. I respectfully dissent because I am satisfied the tribunal court's decision that the cargo containers were fixtures was correct.

The majority accurately summarizes the factual and procedural background in this case and correctly sets forth the standard of review applicable to proceedings in the tax tribunal. The majority also correctly recites the three elements a court considers to determine whether property qualifies as a fixture:

(1) whether the property was actually or constructively annexed to the real estate; (2) whether the property was adapted or applied to the use or purpose of that part of the realty to which the property in question is connected or appropriated; and (3) whether the property owner intended to make the property a permanent accession to the realty. [*Tuinier v Bedford Charter Twp*, 235 Mich App 663, 668; 599 NW2d 116 (1999).]

However, the majority fails to afford the appropriate deference to the factual findings of the tax tribunal. See *Empire Iron Mining Partnership v Tilden Twp*, 337 Mich App 579, 585; 977 NW2d 128 (2021). The applicable test for determining what constitutes a fixture was enumerated in *Morris v Alexander*, 208 Mich 387, 390-391; 175 NW 264 (1919). See *Wayne Co v William G Britton and Virginia M Britton Trust*, 454 Mich 608, 625; 563 NW2d 674 (1997) (reaffirming the test enumerated in *Morris* and its progeny). In *Morris*, the Supreme Court makes clear that the determination whether property is a fixture is a fact-intensive analysis, in which the parties' intent is pivotal:

> It is true that there is no universal test whereby the character of what is claimed to be a fixture can be determined in the abstract; that neither the mode of annexation nor the manner of use is in all cases conclusive; yet these considerations are frequently of much importance in arriving at the intention of the parties, which is the real test. It is now well settled in this state that whether an article attached to the freehold becomes a fixture depends largely upon the intention of the parties.

> * * *

> This has led to the formulation and recognition of three general tests which may be applied in determining a particular case, namely: First, annexation to the realty, either actual or constructive; second, adaptation or application to the use or purpose to which that part of the realty to which it is connected is appropriated; and, third, intention to make the article a permanent accession to the freehold.

> * * *

> Generally, the question whether or not a particular article is a chattel or fixture is a mixed question of law and fact, though when the facts are admitted or undisputed the question of law only remains. When the particular case involves a consideration of the tests of the mode of annexation, the purpose or use to which the article is to be put, and the intention, this takes the case to the trier of the facts. [*Morris*, 208 Mich at 390-391 (quotation marks and citation omitted).]

Respectfully, it appears the majority ceased its analysis of the *Morris* test after concluding the first element, actual or constructive annexation, was not met. The majority explained that the doctrine of "constructive annexation by massive weight"[1] was not applicable to the cargo containers, each of which weighed over four tons, because these containers were presumably originally manufactured and designed to transport goods and are "readily movable" by truck, train, or ship. This characterization of the record evidence disregards how petitioner used the cargo containers. The cargo containers were used for on-site storage rather than their original purpose

---

[1] See *Velmer v Baraga Area Sch*, 430 Mich 385, 392, 396; 424 NW2d 770 (1988) (characterizing a milling machine as a fixture by constructive annexation because it was "heavy enough so as not to require bolting to the floor"); *Filizetti v Gwinn Area Comm Sch*, 509 Mich 902, 909 (2022) (ZAHRA, J., dissenting) (charactering the *Velmer* Court's analysis as "constructive annexation by massive weight").

of freight transportation by truck, train, or ship. Likewise, the cargo containers were not "readily moveable." When used for industrial transportation, cargo container users have on-site heavy machinery, such as gantry cranes, for loading and off-loading vessels.

The record evidence as found by the tax tribunal supports the tax tribunal's determination that the cargo containers were fixtures. As noted, the cargo containers were each over four tons and large. The cargo containers were not moveable without specialized equipment and nothing in the lower court record suggests that such machinery was readily available or that the cargo containers had been moved from the property. Considering the significant weight of the containers and their immobility, the cargo containers were constructively annexed to the property. Likewise, the cargo containers were used for storage, a use adapted to the agricultural nature of the property. Finally, the cargo containers had been on the property for at least three to five years with no immediate plans to move the cargo containers from the property, which supported that petitioner intended to make the cargo containers a permanent accession to the realty.

The tax tribunal made these factual findings and applied the *Morris* test to determine the cargo containers were fixtures. The tax tribunal neither adopted an incorrect legal principle nor erred in applying the law by determining the cargo containers were fixtures. See *Empire Iron Mining Partnership*, 337 Mich App at 585.

I would affirm the tax tribunal's determination that the cargo containers were fixtures and should be assessed as part of the real property.

/s/ James Robert Redford