### J. & T. CADENS *v.* CHARLES TEASDALE.

*Contract.   Substitution.   Novation.*

A owed B, and C owed A; by agreement of the three, C *gave his note to* B, and was *substituted* in place of A *as* B's *debtor.* C was *insolvent* at the time; but this fact was unknown to all the parties.  *Held,* that the loss fell on B.[*]

ACTION of assumpsit in common counts.  Plea, *non assumpsit*, and notice of payment by the note of W. N. Oliver.  Trial by the court, September Term, 1880, Ross, J., presiding.  Judgment for the defendant.  The facts appear in the opinion.

*Redington & Butler*, for the plaintiff, cited *Wainwright* v. *Webster*, 11 Vt. 576 ; Ib. 516 ; 13 Ib. 452 ; 4 Ib. 549 ; 15 Ib. 212 ; 28 Ib. 80 ; 16 Ib. 34 ; 10 Ib. 141 ; 6 Mass. 142 ; *Young* v. *Adams*, 6 ·Mass. 182 ; 10 Wheat. 333 ; *Jones* v. *Ryde*, 5 Taunt. R. 488 ; 15 Mass. 75 ; *Wait* v. *Brewster*, 31 Vt. 528 ; 20 Vt. 167 ; 29 Vt. 42 ; 46 Vt. 460 ; 16 Eng. L. & Eq. 562.

*P. R. Kendall*, for the defendant.

The opinion of the court was delivered by

TAFT, J.  The plaintiffs having a claim against the defendant, agreed if the defendant would procure one Oliver, a debtor of the defendant, to give the plaintiffs his (Oliver's) note on four months time, that they would take it in payment of so much of the de-

---

[*] See *Bacon* v. *Bates et al.*, *ante*, 30; *Chaffee* v. *Rutland R. R. Co.*, *ante*, 345; and Pars. on Con. (5th ed.) 1, 217.—REP.

fendant's account. The agreement was accepted and the contract consummated. At the time all the parties believed that Oliver was solvent. He was in fact insolvent, failing before the maturity of the note, and nothing was realized by the plaintiffs upon it. The plaintiffs now seek to recover of the defendant the original account. The question presented is, upon whom was the risk of the insolvency of Oliver? In *Wainwright* v. *Webster*, 11 Vt. 576, the court say, that, where the note of a third person is received in payment of a precedent debt, the risk of the insolvency of the maker is upon the party from whom the paper is received, unless there is an *express agreement* that the risk of the paper, in this respect, is to be the receiver's, or one is to be *implied from the facts and circumstances* of the case. In the case at bar, the defendant, at the time of the transaction, had simply an account, the collection of which he could enforce *in presenti*. Upon application to Oliver for money with which to pay the plaintiffs, it was arranged between the parties, that Oliver should give his note to the plaintiffs, and they should accept it in lieu of their claim against the defendant. The note was given and the right to enforce the collection of the defendant's debt against Oliver was suspended for the life of the note. We regard the transaction as a substitution of the debt against Oliver, for the one against the defendant; and that it was the intention of the parties that the defendant should be discharged from his indebtedness, and from any claim on account of the insolvency of Oliver; from the facts and circumstances in the case, we think such was the intention. The taking of a note, either of the debtor or of a third person, upon an open account, is *prima facie* payment of such account, upon the presumption that such is the intention of the parties at the time. The intention of the parties upon the question presented in this case should be held as equally decisive, as upon the question of payment. Finding that it was the intention of the parties, from all the facts and circumstances of the transaction, that the risk of Oliver's insolvency should be borne by the plaintiffs, the case is brought within the exception to the general rule as stated by BENNETT, J., in the case cited, and the result is, the judgment of the County Court is affirmed.