LAKESIDE RESORT CORP. *v.* SPRAGUE.

1. FIXTURES—DEEDS—MORTGAGES—SALES AGREEMENT—AMUSEMENT PARKS.

Contemporaneous deed, mortgage and sales agreement respecting land on which amusement park equipment was located and which instruments expressly provided for its removal and replacement by buyer fixed the character of the property so far as parties to the instruments were concerned.

2. APPEAL AND ERROR—QUESTIONS REVIEWABLE—COURT RULES.

Questions not stated in "reasons and grounds for appeal" nor referred to in appellants' "statement of questions involved" may not be considered on appeal (Court Rules Nos. 66, § 3; 67 [1933]).

3. FIXTURES—MIXED QUESTION OF LAW AND FACT.

The question of whether or not a particular article is a chattel or fixture is a mixed question of law and fact, but when the facts are admitted or undisputed the question of law only remains.

4. SAME—ANNEXATION—USE—INTENT—QUESTION OF FACT.

When a particular case involves consideration of the tests of the mode of annexation of an article to real estate, the purpose or use to which the article is to be put, and the intention of the parties, a case is presented for consideration by the trier of the facts.

5. SAME—QUESTION OF FACT.

Unless the facts are susceptible of but one inference there is a question of fact as to whether a structure on land is a fixture.

6. TRIAL—QUESTION OF FACT—EVIDENCE—INFERENCES.

The jury are the judges of the legitimate inferences to be drawn from the testimony.

7. SAME—REPLEVIN—AMUSEMENT PARK EQUIPMENT.

In action of replevin by transferee of personalty of buyer of amusement park against grantees of purchase-money mortgagee and vendor who had foreclosed mortgage, question as to whether roller coaster, aeroplane swing, Kentucky derby,

Dodgem equipment and water, plumbing, wiring and lighting systems were chattels or fixtures *held,* properly submitted to jury under proper instructions as to the law and specific instructions as to nature of property, manner and time of annexation to realty, nature and character of the land, its purpose, use and adaptation, impairment of its value if property were removed and intent of parties in the light of the facts and circumstances.

Appeal from Ingham; Carr (Leland W.), J. Submitted October 16, 1935. (Docket No. 102, Calendar No. 38,619.) Decided January 31, 1936.

Replevin by the Lakeside Resort Corporation, a Michigan corporation, against William A. Sprague and Ronald E. Sprague, to recover possession of amusement park equipment. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*Cummins & Cummins,* for plaintiff.

*Wm. C. Brown (C. F. & E. T. Hammond,* of counsel), for defendants.

BUSHNELL, J. The parties agree that only one question is involved. It may be stated as follows: Should the trial court have held as a matter of law that the so-called amusement park equipment, listed in plaintiff's affidavit for a writ of replevin, was real estate?

The disputed matters were submitted to a jury; plaintiff had a verdict for the return of the property and six cents as damages for its retention.

The property in controversy was the usual amusement park equipment, consisting generally of the following items:

1. Roller coaster structure of wood, a 75 h. p. motor and wiring, 440-foot link belt chain, six roller

coaster cars, complete coaster chain drive, and a ticket booth.

2. Aeroplane swing, 76-foot steel tower and gearing, six aeroplane cars with motors and cable, 25 h. p. motor with starting equipment and wiring, and ticket booth.

3. Kentucky derby, 12 iron horses and 12 governing wheels and connections.

4. Dodgem equipment, steel floor, wire mesh ceiling and frames, bumper springs and board, electric switch, and ticket booth.

5. A 2,000-gallon water tank, pump and motor with the necessary equipment, two batteries of sanitary toilets and the necessary tanks, partitions and overhead plumbing.

6. Outside electric wiring system, conduits and wiring above ground to buildings and motors.

7. Power house equipment including switches, wiring and fuse boxes, excepting, however, current transformers and meters.

8. Six flood lights.

In 1927, Michigan Catering Company conveyed by warranty deed to Pine Lake Company certain real estate then in use as an amusement park on which land the property in dispute is now located. It took back a $30,000 mortgage on the land and at the same time these parties entered into a separate sales agreement covering the amusement park equipment, etc. This agreement provided for retention of title in the seller until the sum of $10,000 and accrued interest was paid. A detailed list of the property was attached to the agreement, which, in general, consisted of:

1. Machinery, such as a launch, power lawn mower, popcorn machines, carousel, circle swing, Kentucky derby, electric power pump, motors, wiring, penny arcade, merry-go-rounds, rowboats, tents, organs.

2.  Fixtures, such as soda fountains, ice-boxes, pool room equipment, gasoline tank and pump, skee ball alleys, park benches and tables, office furniture, kitchen and dining room equipment.

3.  Buildings, consisting of ticket and dispensing stands, concession row, cigar store, stages and lumber.

The contemporaneous deed, mortgage and sales agreement fixed the character of the property so far as the parties thereto were concerned and the sales contract expressly provided for the removal and replacement by the buyer of any unsuitable property. When the transaction was completed the land stood as security for the $30,000 balance of the unpaid purchase money and the equipment as security for an additional sum of $10,000 which has since been paid.

Subsequently, the real estate mortgage was assigned to John C. Reid, former manager of the Catering Company, and in 1932 he became the owner of the land by sheriff's deed at a mortgage foreclosure sale. The premises were later sold by Reid on land contract to defendants Sprague.

Lyle Clift, who was secretary and treasurer of Pine Lake Company, the original grantee, purchased the assets of that company at a bankruptcy sale in 1932. He was acting at the time for the trustee of the holders of second mortgage bonds of Pine Lake Company and in 1933 this group of bondholders organized plaintiff Lakeside Resort Corporation and took over these assets.

When the latter company attempted to remove property from the premises in 1934, a dispute arose and Reid, then the owner of the land, entered into an agreement with plaintiff which attempted to preserve the *status quo* and continue the operation

of the enterprise. The agreement of 1934 sets up Reid's claim that the roller coaster and circle swing are a part of the realty; it recognized the title of plaintiff to the miniature railway, merry-go-round and Dodgem equipment, but is silent as to the remainder of the disputed property.

Defendants' answer to plaintiff's declaration in replevin is that the purchase of the realty carried with it title to all the property described in the writ of replevin, hereinbefore generally noted as the "property in controversy."

Appellants Sprague argue that subsequent vendees without notice are not bound by the terms of the deed, mortgage and the several agreements. The question, however, is neither stated in the "reasons and grounds for appeal" nor referred to in appellants' "statement of questions involved." Therefore, it cannot be considered. Michigan Court Rules Nos. 66, § 3; 67 (1933). *Sebastian* v. *Sherwood,* 270 Mich. 339.

The property in dispute falls into two classes: first, that which was on the land in 1927 and referred to in the sales contract; second, property placed on the land by the Pine Lake Company since 1927.

In *Morris* v. *Alexander,* 208 Mich. 387, we said:

"Generally, the question whether or not a particular article is a chattel or fixture is a mixed question of law and fact, though when the facts are admitted or undisputed the question of law only remains. When the particular case involves a consideration of the tests of the mode of annexation, the purpose or use to which the article is to be put, and the intention, this takes the case to the trier of the facts (11 R. C. L. p. 1092)."

See, also, *Kent Storage Co.* v. *Grand Rapids Lumber Co.,* 239 Mich. 161; *Peninsular Stove Co.* v.

*Young,* 247 Mich. 580; *First Mortgage Bond Co.* v. *London,* 259 Mich. 688; and *Wood Hydraulic Hoist & Body Co.* v. *Norton,* 269 Mich. 341.

Appellee argues:

"Our contention is that as to the equipment on the property at the time of the original transaction and any replacement of it the intent is established as a matter of law by agreement of the parties and that as to equipment added since, the intention is, to say the least, a question for the jury."

The proofs show the following: The Kentucky Derby was on the land in 1927 and listed as personalty in the schedule attached to the sales agreement. The aeroplane swing is the remodeled "circle swing" also therein listed. The toilets, water equipment, wiring and power house equipment are either those mentioned in the 1927 agreement or replacements of or additions thereto. The Dodgem equipment, roller coaster and flood lights have all been installed on the premises since 1927. The last three properties were not mentioned in the sales agreement because they were not in existence at the time. The testimony is, that an old roller coaster was on the premises, but defendants neither rebut nor dispute plaintiff's testimony that this old roller coaster was torn down because it was unsafe. Nor is the testimony of Mr. Pearce questioned. He gave his business as building and operating amusement parks. He has been familiar with amusement park devices for the last 32 years. He stated that it would be comparatively simple to move a roller coaster such as the one he heard described, and that among those engaged in amusement enterprises, coasters and swings, etc., are regarded as trade fixtures.

Unless the facts are susceptible of but one inference, there is a question of fact as to whether a structure on land is a fixture. *Rawls* v. *American Central Ins. Co.*, 97 S. C. 189 (81 S. E. 505). See, also, *Walker Dishwasher Corp.* v. *Medford Trust Co.*, 279 Mass. 33 (180 N. E. 517, 81 A. L. R. 1437).

The jurors are the judges of the legitimate inferences to be drawn from the testimony. *Faulkner* v. *Parish Manfg. Co.*, 201 Mich. 182.

Appellants' assignments of error are confined to the charge of the court and its refusal to enter a judgment for defendants notwithstanding the verdict. An examination of the charge and the consideration of the assignments of error indicate that the learned trial judge fully and completely covered the issues and properly instructed the jury as to the law. The jury was specifically instructed to consider the nature of the property, the manner of its annexation to the realty, the nature and character of the land, its purpose, use and adaptation, the impairment of its value if the property were removed and the intention of the parties in the light of the facts and circumstances of the case. *Morris* v. *Alexander, supra.*

The judgment is affirmed, with costs.

NORTH, C. J., and FEAD, WIEST, BUTZEL, EDWARD M. SHARPE, and POTTER, JJ., concurred. NELSON SHARPE, J., did not sit.