RIBER v. MORRIS.

1. PAYMENT—NOTE AND CHECK OF THIRD PARTY—PLUMBING.
    The giving of owner's promissory note and check for plumbing
    work furnished contractor by plaintiff subcontractor does not
    constitute payment of latter without an agreement to such
    effect.

2. APPEAL AND ERROR—MOTION FOR NEW TRIAL—WEIGHT OF EVI-
    DENCE.
    Upon appeal from verdict and judgment for plaintiff, the weight
    of the evidence may not be considered in the absence of a mo-
    tion for a new trial.

3. SAME—WEIGHT OF EVIDENCE—TRIAL WITHOUT JURY—COURT
    RULES.
    When the trial in an action at law is had before the court with-
    out a jury, error may be alleged that the finding, upon which
    the judgment rests, is against the preponderance of the evi-
    dence and under court rule this may be done without a motion
    for a new trial (Court Rule No. 64 [1933]).

4. SAME—WEIGHT OF EVIDENCE—REVIEW OF FINDINGS BY COURT.
    On review of a case tried by a jury where a motion for new trial
    has been made on ground verdict is against the great weight
    of the evidence Supreme Court reviews findings by the trial
    court after verdict but where case has been tried without a
    jury and question for review is whether finding by trial court,
    upon which the judgment rests, is against the preponderance
    of the evidence, review is made of finding made before judg-
    ment (Court Rule No. 64 [1933]).

5. PAYMENT—PLEADING.
    Payment is an affirmative defense.

6. NOVATION—PAYMENT—OBLIGATIONS OF DEBTOR'S DEBTOR.
    Payment, in point of law, may be accomplished by the creditor
    accepting, as payee named therein, obligations of his debtor's
    debtor in satisfaction.

7. SAME—PRESUMPTION OF EXTINCTION OF ORIGINAL DEBTOR'S OBLI-
GATION—EVIDENCE.

In the absence of an express agreement as to satisfaction, the
taking of the direct obligation of such third party, *prima facie,*
by substitution or specie of novation, extinguishes the obliga-
tion of the original debtor but such *prima facie* presumption
departs when in conflict with credible evidence.

8. SAME—INSOLVENCY OF THIRD PARTY WHOSE OBLIGATION IS SUB-
STITUTED FOR THAT OF ORIGINAL DEBTOR.

Insolvency of third party whose direct obligation to creditor is
substituted for that of original debtor does not undo the sub-
stitution even though such insolvency be unknown to creditor.

9. APPEAL AND ERROR—TRIAL WITHOUT JURY—PREPONDERANCE OF
EVIDENCE—PAYMENT—SUBSTITUTION OF DEBTORS.

On appeal from judgment for defendant contractor in action of
assumpsit, for plumbing work done by plaintiff subcontractor,
tried without a jury, finding of trial court that plaintiff ac-
cepted owner's promissory note and check drawn to plaintiff
as payee in substitution for debt of contractor and thereby
released defendant *held,* not against the preponderance of the
evidence.

Appeal from Wayne; George (Fred W.), J., pre-
siding. Submitted January 12, 1937. (Docket No.
125, Calendar No. 39,222.) Decided April 16, 1937.
Rehearing denied May 21, 1937.

Assumpsit by George L. Riber against William C.
Morris for sums due on an open account. Judgment
for defendant. Plaintiff appeals. Affirmed.

*Francis W. Allen* (*Edward J. McCarthy,* of coun-
sel), for plaintiff.

*Hatfield & Hall,* for defendant.

WIEST, J. Defendant contracted to build houses
for the Ramm Development Company and sublet the
plumbing work to plaintiff. For such work there
was due plaintiff from defendant the sum of $880.
Defendant forwarded to plaintiff, who was named as

payee therein, the postdated check of the Ramm company for $250 and the promissory note of that company for $630. Payment of the check was refused for lack of funds and has not been paid. A renewal note, accompanied by a check for $24.45, was sent by the Ramm company to plaintiff. The note has not been paid. This was in 1931. In October, 1934, plaintiff brought this suit against defendant to recover on account of the plumbing work. Defendant claimed that plaintiff accepted the Ramm company note and check in payment of the amount due under the subcontract. This was denied by plaintiff, and the issue thereon was tried by the court without a jury with finding and judgment for defendant. Defendant concedes that, without an agreement to such effect, the note and check of the Ramm company would not constitute payment of plaintiff's claim against him.

Under plaintiff's review by appeal defendant contends that, inasmuch as plaintiff did not move for a new trial, the finding of the trial judge, if supported by competent evidence, may not be challenged as against the preponderance of the evidence, and cites many cases decided previous to the 1933 court rules, and also *Boran* v. *New York Life Ins. Co.,* 274 Mich. 638.

Court Rule No. 64 (1933), provides:

"Upon appeal to the Supreme Court from a judgment in an action at law tried without a jury, such judgment may be affirmed or reversed, the cause remanded with directions, or a new trial ordered. Appellant may assign as error that the judgment is against the preponderance of the evidence; but on appeals in civil cases error cannot be assigned for total lack of evidence on a material question unless such lack of evidence has been called to the attention

of the court during the trial or on motion for a new trial."

This rule changed previous procedure and all cases theretofore holding otherwise do not govern.

The *Boran Case, supra,* was review of a trial by jury, without a motion for a new trial, on the ground that the verdict was contrary to the great weight of the evidence and it was properly held, on appeal, that such question would not be considered.

In *Jenkins* v. *Bentley,* 277 Mich. 81, the trial was by the court and, upon appeal, we were only asked to increase the damages awarded appellant in the circuit court and we declined to do so. The statement in the opinion in that case that review under Court Rule No. 64 (1933), requires a motion for a new trial was not necessary to decision, was incorrect and is now deleted.

When the trial in an action at law is had before the court without a jury, error may be alleged that the finding, upon which the judgment rests, is against the preponderance of the evidence, and this may be done under Court Rule No. 64 (1933), without a motion for a new trial. Where the trial is by jury error may not be alleged that the verdict is against the great weight of the evidence without a motion on such ground for a new trial. In both instances we review the findings by the court; in the one of findings before judgment and in the other findings after verdict.

Payment is an affirmative defense. *Kay* v. *County of Wayne,* 274 Mich. 90. Payment, in point of law, may be accomplished by the creditor accepting, as payee named therein, obligations of his debtor's debtor in satisfaction. In the absence of an express agreement as to satisfaction, the taking of the direct obligation of such third party, *prima facie,* by sub-

stitution or specie of novation, extinguishes the obligation of the original debtor. This *prima facie* presumption departs when in conflict with credible evidence. At all times plaintiff could have brought an action upon the obligations of the Ramm company. Plaintiff claims that the Ramm company was insolvent. This, if so, did not undo the substitution.

As stated in *Cadens* v. *Teasdale* (syllabus), 53 Vt., 469 (38 Am. Rep. 697):

"A owed B, and C owed A; by agreement of the three, C gave his note to B, and was substituted in place of A as B's debtor. C was insolvent at the time; but this fact was unknown to all the parties. Held, that the loss fell on B."

Defendant credited his debtor, the Ramm company, with the amount of the obligations made by that company payable to plaintiff. The disclosed circumstances lend support to defendant's testimony that plaintiff agreed to accept the obligations of the Ramm company to the release of defendant. Plaintiff did take the Ramm company obligations, sought payment on the check, which, when refused, he claims, he then left with a clerk in defendant's office, but which defendant denies ever receiving. However, plaintiff has kept the renewal note and the accompanying small check and his explanation relative to such retention is not satisfactory. His acts were in line with acceptance of the substituted debtor and the release of defendant, and we cannot say that the judgment rendered was against the preponderance of the evidence.

The judgment is affirmed, with costs to defendant.

Fead, C. J., and North, Butzel, Bushnell, Sharpe, Potter, and Chandler, JJ., concurred.