## NADOLSKI v. PETERS.

1. **Appeal and Error—Questions Reviewable—Briefs—Abandonment.**

    Alleged errors as to receipt of testimony offered by plaintiffs in replevin action to recover heating units, in the exclusion of proof offered by defendants as to statements claimed to have been made to plaintiffs' vendor by the prior owner from whom he purchased, and in the charge of the court are considered as abandoned, where such errors are not urged in appellants' brief as grounds for reversal.

2. **Same—Motion for New Trial—Great Weight of Evidence.**

    An appellant who has not moved for a new trial is not entitled to urge on appeal that the verdict of the jury was against the great weight of the evidence.

3. **Same—Verdicts—Replevin—Evidence.**

    Claim that there was insufficient evidence to support verdict for plaintiffs, purchasers of building which had been leased to defendants, in replevin action to recover heating units which had been installed by defendants, *held,* untenable under record presented.

4. **Replevin — Evidence — Ownership — Admissions Against Interest.**

    Evidence of written and oral statements of lessee as to property they owned in leased building, made to plaintiffs and parties from whom they subsequently purchased the building, which statements did not include heating units which defendant lessees had attached to an otherwise inadequate heating system,.

---

References for Points in Headnotes

[1] 3 Am Jur, Appeal and Error § 776.
[2, 3] 3 Am Jur, Appeal and Error § 849.
[3, 9] 22 Am Jur, Fixtures §§ 41, 55.
[3, 9] Heating equipment as fixture.   81 ALR 1444; 109 ALR 1431; 126 ALR 599.
[7, 8] 22 Am Jur, Fixtures § 77.

was admissible in replevin action to recover such units as statements against interest.

5. SAME—EVIDENCE—OWNERSHIP—ORAL STATEMENTS OF LESSOR-OWNER.

Oral statements of lessor-owner as to ownership of heating units which defendant lessees had attached to an otherwise inadequate heating system were properly excluded in replevin action by purchasers of lessor interest, where it is not shown that plaintiffs were present when such statements were made.

6. SAME—QUESTIONS FOR JURY—HEATING UNITS.

Issues of fact in replevin action to recover heating units which defendant lessees had attached to an otherwise inadequate heating system *held,* properly submitted to jury.

7. FIXTURES—MIXED QUESTION OF LAW AND FACT.

Whether or not a particular article is a chattel or fixture is generally a mixed question of law and fact, though when the facts are admitted or undisputed, the question of law only remains.

8. SAME—PURPOSE—ANNEXATION—INTENT—QUESTIONS OF FACT.

The purpose to which an article, claimed as a fixture, is put, its mode of annexation and the intent of the parties are questions for trier of the facts in replevin therefor.

9. SAME—HEATING UNITS—EVIDENCE.

Heating units which were attached to the heating system of building and which were necessary for the adequate heating of the building leased by defendants became a fixture thereto so far as subsequent purchasers were concerned, where the latter made inquiry of defendants as to what property in the building they claimed, the heating units were not mentioned and it is not shown plaintiffs knew of the situation otherwise.

Appeal from Wayne; Culehan (Miles N.), J. Submitted October 3, 1951. (Docket No. 9, Calendar No. 45,193.) Decided January 7, 1952.

Replevin by Andrew F. Nadolski and others against Charles Robert Peters and another, doing business as Highland Park Steel Company, a copartnership, to gain possession of 3 steam unit heaters. Verdict and judgment for plaintiffs. Defendants appeal. Affirmed.

*John F. Langs* and *R. F. Molyneaux,* for plaintiffs.

*J. Elmer Cresswell* and *Hugh K. Davidson* (*Wayne Lusk,* of counsel), for defendants.

CARR, J. This case involves the ownership of fixtures installed by tenants of leased property. The plaintiffs are the vendees under a land contract for the purchase of certain real estate in the city of Highland Park. Located on the property is a building adapted for use for limited factory purposes. At the time plaintiffs entered into their contract, on May 15, 1945, said building was occupied by defendants as tenants of the prior owner. The record indicates defendants found, after they became such tenants, that the heating system was inadequate, and that they added 3 Modine steam unit heaters which were attached to the building and incorporated in the heating system by connections with steam pipes previously installed. When they vacated the property, following the purchase by the plaintiffs, defendants removed said heating units from the premises. Claiming that such action was without right or authority, and that the fixtures were a part of the realty, plaintiffs instituted replevin proceedings, recovered possession of the units under the writ, and placed them in their former positions as parts of the heating system in the building in question.

Defendants by their answer denied that the Modine units were a part of the realty, asserting that they were trade fixtures and as such remained the property of defendants with the consequent right of removal. Return of the property in the event that their claim was sustained was waived, defendants electing to take the value, which they claimed to be $665, with interest, in lieu of such return. The case was tried before a jury. At the close of the proofs counsel for plaintiffs moved for a directed verdict

which the trial court denied on the ground that there were issues of fact which he was required to submit to the jury for determination. Apparently this was in accord with defendants' position at the time. No motion for a directed verdict in their favor was made. The jury returned a verdict for the plaintiffs, finding them to be the owners of the property in dispute. Recovery for damages which plaintiffs claimed they had sustained by reason of the removal of the fixtures and the necessity of reinstalling them was denied.

Judgment was entered on the verdict and defendants have prosecuted an appeal. In their reasons and grounds therefor they have alleged errors in the receipt of testimony offered by plaintiffs, in the exclusion of proof offered by defendants as to statements claimed to have been made to plaintiff's vendor by the prior owner from whom he purchased, and in the charge of the court. In his brief, counsel for appellants has not urged these alleged errors as grounds for reversal. It must be assumed, therefore, that they are abandoned. However, the matters referred to have been given the consideration to which they are entitled in connection with defendants' argument that the competent proofs in the case established their right to the property as a matter of law.

Appellants did not move for a new trial and are, in consequence, not entitled to urge on this appeal that the verdict of the jury was against the great weight of the evidence. *Peters* v. *Aetna Life Ins. Co.,* 282 Mich 426; *Rich* v. *Daily Creamery Co.,* 303 Mich 344. Our examination of the record brings us to the conclusion that the claim that there was insufficient evidence to support the verdict of the jury is not tenable. It is a fair conclusion from the proofs that the heating system in the building was inadequate to permit proper use of the property for any purpose

for which it was suitable. The Modine units were attached to and made a part of the heating system. It was possible to remove them without doing serious damage to the portion of the system remaining, or to the building itself, but one inspecting the property was entitled to assume from the situation actually existing that the furnace, boiler, pipes, radiators, and these Modine units, were all parts of the heating equipment installed and maintained for the purpose of rendering possible the use of the property for any purpose to which it was reasonably adapted.

Plaintiff Herzog testified that before making the contract for the purchase of the property he talked with defendant Peters and asked him what property within the building the tenants claimed as their own. In answer to the question the witness claimed that defendant enumerated certain items but made no mention of the Modine heaters or any other part of the heating system. It was the claim of the plaintiffs also that they sought from defendants a written statement covering the matter, and that defendants in response to a request therefor addressed a letter to plaintiffs' vendor setting forth the specific items of personal property on the premises that they claimed the right to remove on vacating. This letter was offered in evidence and appears in the record. No reference was made therein to the Modine heater units. Objection was made by counsel for defendants to the introduction of the letter on the ground that it was not addressed to plaintiffs but rather to their vendor. Obviously, however, it was a statement against interest. Defendants must have realized at the time that the request for a statement in writing from them as to the property in the building that they claimed to own was desired for some purpose, and that it might be exhibited by their lessor to others interested in the purchase or occupancy of the building. The trial court was not in error in

overruling the objection to the exhibit. Neither was there error in excluding proof of statements claimed to have been made by the owner of the property from whom plaintiffs' vendor purchased, with reference to the ownership of the Modine units. None of the plaintiffs was present at the alleged conversation, nor does the record show that such statements had been in any way called to their attention at the time they entered into the agreement for the purchase of the property. The alleged errors in the charge of the trial court do not require discussion. The factual issues between the parties were properly submitted to the jury.

It is the claim of the appellants, in substance, that, because they purchased the property in question and installed it in the manner indicated, ownership remained in them. Reliance is placed on *Adams* v. *Lee,* 31 Mich 440. In that case machinery for the manufacture of wool was installed under an arrangement between the owner thereof and the owner of the building. By subsequent conveyances it was recognized that the equipment remained personal property. The factual situation presented was materially different from that in the case at bar. The defendants here did not install the heating units under any definite or specific agreement retaining ownership in themselves, and the situation created by them was well calculated to induce the honest belief on the part of anyone subsequently dealing with the property that the Modine units were a part of the heating system within the building and, as such, a part of the realty.

In *Morris* v. *Alexander,* 208 Mich 387, 391, the Court quoted from 11 RCL, p 1092, as follows:

" 'Generally, the question whether or not a particular article is a chattel or fixture is a mixed question of law and fact, though when the facts are admitted or undisputed the question of law only remains.

When the particular case involves a consideration of the tests of the mode of annexation, the purpose or use to which the article is to be put, and the intention, this takes the case to the trier of the facts.'"

The case was an action in replevin to recover the possession of certain tools and machinery claimed to have been wrongfully removed from a garage. It was held that under the testimony as to the facts the trial court was not in error in submitting the case to the jury.

In *Peninsular Stove Co.* v. *Young,* 247 Mich 580, it was held that gas ranges installed in an apartment building became fixtures in view of the nature of the property. This case was cited with approval in *Wood Hydraulic Hoist & Body Co.* v. *Norton,* 269 Mich 341, where it was said:

"Similarly, in the instant case, we believe that the heating apparatus here involved was so necessary to the purpose to which the realty was adapted, and its very nature was such, that it became a fixture upon its annexation to the property, and its chattel character could not be preserved as against defendant by the title-retaining agreement. When defendant took its mortgage, it had every reason to believe that the equipment was a fixture and a component part of the building, and was included in its security. The majority of the more recent cases hold that property of this nature, upon annexation to the realty, becomes a fixture as far as subsequent grantees and mortgagees are concerned, notwithstanding any intention between the vendor and vendee to the contrary, as expressed by any agreement between the latter, of which the mortgagee had neither notice nor knowledge. See *Union Bank & Trust Co.* v. *Fred W. Wolf Co.,* 114 Tenn 255 (86 SW 310, 108 Am St Rep 903, 4 Ann Cas 1070); *Knoxville Gas Co.* v. *W. I. Kirby & Sons,* 161 Tenn 490 (32 SW2d 1054); *Glueck & Co.* v. *Powell,* 227 Mo App 1226 (61 SW2d 406); *Cohen* v. *General Motors Acceptance*

*Corp.,* 51 RI 153 (152 A 693); *Southbridge Savings Bank* v. *Exeter Machine Works,* 127 Mass 542; *Murphy Door Bed Co.* v. *New England Bond & Mortgage Co.,* 276 Mass 79 (176 NE 802)."

See, also, *Lakeside Resort Corp.* v. *Sprague,* 274 Mich 426; *Cameron* v. *Oakland County Gas & Oil Co.,* 277 Mich 442 (107 ALR 1142).

Under the legal principles stated and applied in the cases cited, and in view of the testimony in the record, defendants cannot complain on the ground that the issues of fact in the case were submitted to the jury for determination. The evidence was sufficient to support the verdict rendered. We find no reversible error, and the judgment is affirmed, with costs to plaintiffs.

NORTH, C. J., and DETHMERS, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.