ARMSTRONG *v.* WOODLAND MUTUAL FIRE INSURANCE COMPANY.

1. Insurance—Mutual Fire Policy—Suspension for Nonpayment of Assessments—Time.

Claim of policyholder in mutual fire insurance company that policy had not lapsed by reason of failure to pay assessment on or before the first day of the month because day of the month on which assessment was due had not been specified in the notice of assessment *held*, untenable, where it was apparently the rule and practice of the company to make the assessments due on the first day of the month in which the policy was to come due.

2. Same—Mutual Fire Policy—Date of Assessment—Question for Jury.

Issue of whether mutual fire insurance policy assessment was due on July 1st of each year, as claimed by insured, or June 1st of each year, as claimed by insurer, *held*, to have been properly submitted to jury, where the evidence as to such point was in conflict.

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur, Insurance §§ 386–394.
[2] 29 Am Jur, Insurance § 1532.
[3] 3 Am Jur, Appeal and Error § 888.
[4] 3 Am Jur, Appeal and Error § 849.

3. APPEAL AND ERROR—JURY—SUPREME COURT—EVIDENCE.
   It is not the province of the Supreme Court to substitute its
   judgment for that of the jury, where the evidence is in
   conflict.

4. SAME—NEW TRIAL—MOTIONS.
   The Supreme Court may not order a new trial even though the
   verdict were against the great weight of the evidence, where
   defendant had not moved for a new trial on such or any
   other ground.

5. SAME—QUESTIONS REVIEWABLE—SUSPENSION OF POLICY—WAIVER.
   Question as to waiver of suspension of mutual fire insurance
   policy is not considered, where it is determined that the policy
   was in force at the time of loss.

Appeal from Kent; Souter (Dale), J. Submitted
April 7, 1955. (Docket No. 47, Calendar No. 46,430.)
Decided June 6, 1955.

Assumpsit by Donald James Armstrong and
Esther L. Armstrong against Woodland Mutual Fire
Insurance Company, a farm mutual fire insurance
company, to recover loss by fire on policy claimed
suspended because of nonpayment of assessment.
Verdict and judgment for plaintiffs. Defendant ap-
peals. Affirmed.

*Clem H. Block,* for plaintiffs.

*Eldred, Eldred & O'Connor,* for defendant.

BUTZEL, J. Plaintiffs Donald and Esther Arm-
strong were buying their home in Byron Center,
Kent county, Michigan, on land contract. On July
31, 1948, defendant Woodland Mutual Fire Insur-
ance Company issued to them a fire insurance policy
insuring the home for $3,500 and its contents for
$1,500. As members of a mutual company plaintiffs
were required to pay annual assessments. In this

regard the company's bylaws which were part of the insurance contract provided:

"7. ASSESSMENTS. All assessments shall be ordered by the board of directors, and shall be levied by the secretary and collected by the treasurer or under his direction. Notice of each assessment shall be sent by mail to each member to the last known post office address as shown by the records of the company at least 30 days before the insurance would become delinquent for nonpayment of the assessment, and proof of mailing such notice shall be deemed conclusive evidence of its receipt. The secretary shall include with the notice of assessment, unless previously supplied to the member, a statement of financial condition of the company at the close of the preceding year. *If the assessment is not paid on or before the date of payment fixed by the board, then the insurance covered by said assessment shall be automatically suspended until the assessment is paid and the company shall not be liable in any way for any loss during the period of such suspension and the insurance shall not be reinstated until payment of the assessment shall have been actually received at the office of the treasurer."* (Emphasis supplied.)

It was apparently the rule and practice of the company to make the assessments due on the first day of the month in which the policy was to come due. Plaintiffs testified that they paid $15 when the policy was issued on July 31, 1948, though the records of the defendant indicate a payment of only $7.50. Thereafter, in accordance with the bylaws, assessments were ordered and defendant annually mailed to plaintiffs timely notices to the effect that their assessments were due on June 1st. Plaintiffs paid these assessments on May 31, 1949, June 5, 1950, June 5, 1951, and June 9, 1952. Though not so required the company mailed notices of suspension in those years in which the payment was not received

by June 1st. In April, 1953, defendant gave plaintiffs notice of assessment due on June 1, 1953. They deny receipt of this notice in their brief but examination of the record shows that their attorney admitted or stipulated its receipt and Mrs. Armstrong acknowledged it in her testimony. They did not pay this assessment by June 1 and on June 5, 1953, a fire occurred resulting in considerable damage to the home and personalty. The following day plaintiffs went to the agent through whom they had procured the policy and advised him of the fire and the fact that they had not yet paid their assessment. After the agent called the company, he advised them to send in their assessment, which they did. The company accepted it on June 8, 1953, three days after the loss occurred.

Thereafter, proof of loss for damage to the house in the amount of $1,800 was filed, adjusted, accepted and paid—the proceeds going to the vendors in the land contract under which plaintiffs were vendees. Defendant, however, denied liability for the $1,500 damage to the personalty claiming that at the time of the fire the policy was suspended due to nonpayment of the assessment. No adequate explanation appears to explain the company's payment of part of the loss, other than that on reconsideration it might have been a mistake and also the vendors in the contract to plaintiffs had not received notice of assessment and defendant might have considered itself liable to the vendors.

Plaintiffs brought suit for the $1,500, the amount of the insurance on the personal property. At the trial they argued that they were entitled to go to the jury on the question of whether the correct assessment date was July 1st or June 1st. Their theory was that as the policy was issued on July 31st, the assessment date was the first of that month rather than the first of June. Plaintiffs further claimed

that defendant had waived suspension of the policy, if such there was, by accepting the assessment and paying part of the loss. During the trial plaintiffs also stressed the fact that 1 or 2 of the prior assessment notices had printed on them "Assessment date June ——" with no particular date filled in. However, in view of the fact that there was only 1 assessment date in any 1 month, the first of that month, such an argument is of little or no force.

Defendant argued that the clear terms of the policy and the assessment notice showed the insurance was suspended at the time of the fire. It was shown that for some 5 years since the date of issuance the assessment date had been June 1st, and that, while the policy itself noted July 31, 1948, as the issuing date, it also noted that June 1st was the assessment date. Defendant also claimed that the policy issued to plaintiffs was a "rewrite" of a policy assigned to them by another party whose assessment date was June 1st.

The court was at first disposed to direct a verdict for defendant because of the assessment notices and the clear terms of the policy both of which indicated that the policy was suspended at the time of the fire. The court, however, reserved its decision on the motion for directed verdict under the Empson act* and submitted the case to the jury who returned a verdict for $1,500. Defendant moved for judgment *non obstante veredicto* which the judge denied in the following words:

"The issue of fact was as to whether or not the assessment was due on July 1st of each year or June 1st of each year. That was the issue of fact submitted to the jury, and the jury found for the plaintiffs. In other words, the jury must have found that the company was in error in its claim that the proper

---

* CL 1948, § 691.691 (Stat Ann 1953 Cum Supp § 27.1461).

assessment date was June 1st instead of July 1st of each year. * * *

"If June 1st was the correct assessment date, then there can be no doubt but that the failure to pay the assessment due June 1st suspended the provisions of the policy insofar as providing insurance coverage for the plaintiffs. * * *

"However, as above noted, it was the positive testimony of the plaintiffs that on July 31, 1948, they paid to the defendant company the sum of $15 and that on that date they received a policy dated July 31, 1948, stating that the insurance under that policy commenced on the 31st day of July, 1948; that although the assessment date on the front or cover of the policy was stated to be June 1st of each year, that that date was incorrect. On the other hand, it was and is the claim of the defendant company that June 1st was the correct assessment date. That issue was submitted to the jury."

On appeal defendant asks that we vacate the judgment on the verdict and remand the case for entry of a judgment of no cause of action.

The jury must have decided that July 1st rather than June 1st was the correct assessment date. A thorough review of the record reveals that the facts which support such a conclusion are that the policy was issued on July 31, 1948; that a director testified that policies are normally written and paid for 1 year; that it was the practice of the company to make the assessment due on the first day of the month in which the policy came due; and that the company accepted payment of the assessment. Payment originally of $15 does not tend to support plaintiffs' theory because while currently a full year's assessment, on July 31, 1948, higher rates were in force and $15 was something less than 1 year's assessment.

Though we might have reached a different result, it is not within our province to substitute our judgment for that of the jury. Nor can we, though possi-

bly so inclined in this case, order a new trial because the verdict might be against the great weight of the evidence. Defendant did not move for a new trial on that ground, or at all, and we therefore cannot order one. *Nadolski* v. *Peters,* 332 Mich 182; *Riber* v. *Morris,* 279 Mich 344. Though meager, there was evidence to support plaintiffs' claim and therefore we cannot consider this case as one which was erroneously submitted to the jury on the ground that no question of fact was presented.

Thus bound by a determination that the policy was in force at the time of the fire, we need not consider the question of defendant's waiver of suspension.

Judgment affirmed, with costs.

Carr, C. J., and Smith, Sharpe, Boyles, Reid, Dethmers, and Kelly, JJ., concurred.