HANIK *v.* WILCZYNSKI

WITNESSES—IMPEACHMENT—EVIDENCE—PRIOR COMPLAINT—PERSONAL INJURY CASES.

> Admitting an unsigned and unverified complaint filed in a previous personal injury by the same plaintiff as in the present automobile negligence case was not error where the plaintiff testified that he had never before suffered any back, neck, or spine injuries and the complaint was used for impeachment purposes.

Appeal from Oakland, James S. Thorburn, J. Submitted Division 2 April 7, 1971, at Lansing. (Docket No. 9340.) Decided April 28, 1971.

Complaint by Peter Hanik and Aline Hanik against Chester A. Wilczynski and David P. Wilczynski for automobile negligence. Verdict and judgment of no cause of action. Plaintiffs appeal. Affirmed.

*Calvin J. Klyman,* for plaintiffs.

*Condit, Denison, Devine, Porter & Bartush,* for defendants.

Before: QUINN, P. J., and R. B. BURNS and McGREGOR, JJ.

REFERENCES FOR POINTS IN HEADNOTE
58 Am Jur, Witnesses § 674 *et seq.*
29 Am Jur 2d, Evidence § 687 *et seq.*

PER CURIAM: This is an automobile negligence case. The jury returned a verdict of no cause of action. Plaintiffs appeal, claiming that the verdict was contrary to the weight of the evidence.

Since plaintiffs did not move for a new trial on that ground we cannot now order one. *Armstrong* v. *Woodland Mutual Fire Insurance Company* (1955), 342 Mich 666; *Nadolski* v. *Peters* (1952), 332 Mich 182; *Riber* v. *Morris* (1937), 279 Mich 344.

Plaintiffs next argue that it was error for the trial judge to admit, over objection, an unsigned and unverified complaint filed in a previous personal injury action for the purpose of impeaching Peter Hanik's statement that he had never before suffered any back, neck, or spine injuries. This issue is controlled by *Schwartz* v. *Triff* (1966), 2 Mich App 379, which held that such evidence was admissible for impeachment purposes.

Affirmed. Costs to defendants.